2000 UT 50

Randy P. BRADBURY and Dawn Bradbury, Plaintiffs and Appellees,

v.

Phil VALENCIA and Opal Valencia, Defendants and Appellants.

Perry City, Intervenor.

No. 981722.

Supreme Court of Utah.

June 9, 2000.

Jack H. Molgard, Brigham City, for plaintiffs.

Kevin McGaha, Brigham City, for defendants.

Jeff R. Thorne, Brigham City, for intervenor.

WILKINS, Justice:

¶ 1 Phil and Opal Valencia appeal the trial court's order granting Randy and Dawn Bradbury's motion for summary judgment. We conclude we lack jurisdiction because the Valencias have not appealed from a final order and no exception to the final judgment rule has been met. We therefore dismiss the appeal without reaching the merits.

## BACKGROUND

¶ 2 In September 1996, the Bradburys filed a complaint against the Valencias.[1] The complaint alleged that the Bradburys had a legal right-of-way along a road that ran next to their house and land. The complaint further alleged that the Valencias, who owned the land along the west side of the road, were fencing off the road in an attempt to close the road, and were generally interfering with the Bradburys' legal use of the road. The complaint asked the trial court for an injunction preventing the Valencias from blocking or interfering with the Bradburys' use of the road. The complaint also requested actual and punitive damages and attorney fees and costs.

¶ 3 The Valencias filed a counterclaim alleging that the Bradburys unlawfully pulled out a fence post on the Valencias' property. The Valencias sought $150 in actual damages, $10,000 in punitive damages, attorney fees, and court costs.

¶ 4 Perry City then filed a motion to intervene. It sought to have the property declared a public roadway.

¶ 5 Following a motion, the trial court issued a temporary injunction enjoining the Valencias from blocking the road and right-of-way pending the court's decision, and it granted Perry City's motion to intervene. After discovery was conducted, the Bradburys filed a motion for summary judgment, which the Valencias opposed.

¶ 6 The trial court then heard oral arguments on the motion for summary judgment. The trial court issued a memorandum decision and announced that it was granting the Bradburys' motion for summary judgment. The Valencias then filed a motion for reconsideration.[2]

¶ 7 After denying the Valencias' motion for reconsideration, the trial court issued three documents. First, the court entered an order granting the Bradburys' motion for summary judgment. The court concluded the Bradburys were entitled to an injunction enjoining the Valencias from blocking or interfering with their use of the disputed right-of-way, and granted the injunction. The court addressed neither the Valencias' counterclaim nor Perry City's intervening claim in its summary judgment order. Second, the court issued an order amending its summary judgment to allow the Valencias a full thirty days to appeal the summary judgment order. Third, the court entered a memorandum decision discussing its reasons for denying the Valencias' motion for reconsideration. The Valencias now appeal the trial court's order granting summary judgment.

## ANALYSIS

¶ 8 Both the Bradburys and the Valencias present this appeal as an appeal of right taken from a final order under section 78–2–2(3)(j) of the Utah Code.[3] However, "ac-

---

1. The original complaint was filed against only Phil Valencia. Upon learning that Mr. Valencia owned the disputed property jointly with Opal Valencia, the Bradburys amended their complaint to join Ms. Valencia as a defendant to the action.

2. Before the Valencias filed their motion for reconsideration, the trial court drafted an order granting summary judgment, but that order was never entered.

3. Section 78–2–2(3)(j) provides:

    (3) The Supreme Court has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:

    (j) orders, judgments, and decrees of any court of record over which the Court of Ap-

quiescence of the parties is insufficient to confer jurisdiction on the court, and a lack of jurisdiction can be raised by the court or either party at any time." *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325 (Utah 1991). Where an appeal is not properly taken, this court lacks jurisdiction and we must dismiss. *See id.*

¶ 9 An appeal is improper if it is taken from an order or judgment that is not final, *see* Utah R.App. P. 3(a), unless it fits within an exception to the final judgment rule. *See A.J. Mackay*, 817 P.2d at 325. For an order or judgment to be final, it "'must dispose of the case as *to all the parties*, and finally dispose of the subject-matter of the litigation on the merits of the case.'" *Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 536 (Utah 1979) (citations omitted). In other words, a judgment is final when it "ends the controversy between the parties litigant." *Id.*

¶ 10 This court has consistently upheld the final judgment rule. *See, e.g., A.J. Mackay*, 817 P.2d at 325–26 (dismissing appeal because counterclaim remained pending before trial court); *Kennedy*, 600 P.2d at 535–37 (dismissing appeal because cross-claim remained pending before trial court). To be final, the trial court's order or judgment must dispose of all parties and claims to an action. Recently we held that a trial court must even determine attorney fee awards before a judgment is final. *See ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d 254.[4]

peals does not have original appellate jurisdiction.
Utah Code Ann. § 78–2–2(3)(j) (1996).

4. Various problems would arise if we decided cases before the trial court issued a final order or judgment. For example, rule 54 of the Utah Rules of Civil Procedure grants trial courts authority to revise an order or decision at any time before a final judgment is entered:

[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

¶ 11 In this case, the order granting the Bradburys' motion for summary judgment was not a final order because the Valencias' counterclaim and Perry City's intervening claim remain pending before the trial court. Therefore, under the final judgment rule, we do not have jurisdiction over this appeal because the Valencias are not appealing from a final order or judgment.

¶ 12 However, orders and judgments that are not final can be appealed if such appeals are statutorily permissible, *see In re Southern Am. Ins. Co.*, 930 P.2d 276, 278–79 (Utah Ct.App.1996), if the appellate court grants permission under rule 5 of the Utah Rules of Appellate Procedure, *see A.J. Mackay*, 817 P.2d at 325, or if the trial court expressly certifies them as final for purposes of appeal under rule 54(b) of the Utah Rules of Civil Procedure, *see id.*[5] We therefore next examine whether the Valencias' appeal falls under an exception to the final judgment rule.

¶ 13 No statute grants an exception to the final judgment rule in this particular case, nor have the Valencias appealed an interlocutory order by following the steps outlined in rule 5 of the Utah Rules of Appellate Procedure. Therefore, neither of these exceptions applies to this appeal.

¶ 14 However, it appears from the Valencias' brief that they may have intended the trial court to enter a rule 54(b) certification to allow them to appeal the summary judgment order. In their brief, the Valencias

Utah R. Civ. P. 54(b); *see also U.P.C., Inc. v. R.O.A. Gen., Inc.*, 1999 UT App 303, ¶¶ 54–56, 990 P.2d 945 (concluding trial court had power to revise its summary judgment order under rule 54(b) because previous order was not final order). Obviously, our judicial system would not work well if the trial court could revise an order or judgment after the parties had appealed it to our court. For that reason, among others, we generally require that appeals to this court be from final orders and judgments.

5. Rule 54(b) certifications must comply with the rule's requirements. *See* Utah R. Civ. P. 54(b); *Kennecott Corp. v. Utah State Tax Comm'n*, 814 P.2d 1099, 1100–05 (Utah 1991); *Pasquin v. Pasquin*, 1999 UT App 245, ¶¶ 12–13, 988 P.2d 1, *cert. denied*, 994 P.2d 1271 (Utah 2000); *In re J.W.*, 950 P.2d 939, 940 (Utah Ct.App.1997) (per curiam).

explain, "[T]he trial court, being advised of the remaining counterclaim at the status hearing September 24, 1998, certified the issue here on appeal by its 'Order' dated October 2, 1998, allowing defendants to re-institute their appeal." However, the October 2, 1998 order from the trial court did not certify the Valencias' appeal as required by rule 54(b). Instead, the October 2 order simply amended, nunc pro tunc, the date of its summary judgment order from September 14 to October 2 to allow the Valencias a full thirty days to file their appeal. As such, the October 2 order does not make "an express determination by the court that there is no just reason for delay," Utah R. Civ. P. 54(b), nor does it make "an express direction for the entry of judgment," *id.*, as required by rule 54(b). For these reasons, we conclude the Valencias' appeal is not proper under rule 54(b).[6] As a result, we lack jurisdiction to review the Valencias' appeal and accordingly dismiss.

## CONCLUSION

¶ 15 The summary judgment order was not a final order. For that reason, and because this appeal does not fall within an exception to the final judgment rule, we dismiss this case for lack of jurisdiction.

¶ 16 The appeal is dismissed.

¶ 17 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.

---

**6.** We address neither whether the trial court's summary judgment order is eligible for rule 54(b) certification nor whether this appeal may properly be sought under rule 5.