2011 UT App 93

**In the Matter of the EXCESS PROCEEDS FROM THE FORECLOSURE OF PROPERTY LOCATED AT 1559 S HOBBLE CREEK HAVEN ROAD SPRINGVILLE, UT 84663.**

**Douglas D. Keyser, Claimant and Appellant,**

v.

**Karyn D. Keyser, Claimant and Appellee.**

No. 20100956–CA.

Court of Appeals of Utah.

March 24, 2011.

Jere Reneer and Ron W. Haycock Jr., Spanish Fork, for Appellant.

Scott T. Poston, Park City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

### DECISION

PER CURIAM:

¶ 1 Douglas D. Keyser seeks to appeal the trial court's order allocating excess proceeds from the foreclosure of the former marital home. This is before the court on its own motion for summary disposition based on the lack of jurisdiction due to the absence of a final order for purposes of appeal.

¶ 2 After a hearing on October 28, 2010, the trial court announced its ruling and ordered Karyn D. Keyser's counsel to prepare an order consistent with the ruling. Before a formal order could be entered, however, the trial court issued an amended ruling correcting a math error. That order, entered on November 8, 2010, directed both parties to prepare orders consistent with the corrected ruling. Douglas D. Keyser filed his notice of appeal on November 8, 2010.

¶ 3 Generally, appeals may be taken only from final orders. See Utah R.App. P. 3(a). Pursuant to rule 7(f)(2) of the Utah Rules of Civil Procedure, unless the trial court approves an order submitted with a motion or otherwise directs that no further order is necessary, the prevailing party must formalize any decision by the trial court in a proposed order. See Utah R. Civ. P. 7(f)(2); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 27–28, 201 P.3d 966. In this instance, the trial court ordered both parties to prepare and submit orders memorializing its November 8, 2010 corrected ruling. The plain language of the trial court's order indicates it is not a final order. Neither party submitted a formal order consistent with the ruling and there is no formal order in the record. As a result, there is no final order for purposes of appeal. See *Giusti*, 2009 UT 2, ¶ 28, 201 P.3d 966. Where an appeal is not properly taken, this court lacks jurisdiction and must dismiss it. See *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649.

¶ 4 Accordingly, this appeal is dismissed without prejudice to the filing of a timely notice of appeal after the entry of a final order.