2011 UT App 144

**MOJO SYNDICATE, INC., and Bar named Sue, Plaintiffs and Appellants,**

v.

**John FREDERICKSON, et al., Defendants and Appellees.**

No. 20110130–CA.

Court of Appeals of Utah.

May 5, 2011.

Charles Craig Brown, Salt Lake City, for Appellants.

J. Ryan Mitchell and Andrew V. Collins, Salt Lake City, for Appellees.

Before Judges DAVIS, McHUGH, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Appellants, Mojo Syndicate, Inc. and Bar Named Sue, appeal the district court's January 6, 2011 order granting defendants' motion for summary judgment. This matter is before the court on its sua sponte motion for summary disposition based upon lack of jurisdiction due to the absence of a final, appealable order.

¶ 2 "An appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments." Utah R.App. P. 3(a). "To be final, the trial court's order or judgment must dispose of all parties and claims to an action." *Bradbury v. Valencia,* 2000 UT 50, ¶ 10, 5 P.3d 649. In order for a judgment to be final, "a trial court must even determine attorney fee awards." *Id.*

¶ 3 The judgment is not a final, appealable judgment because it does not resolve all issues raised in the case. Specifically, the January 6, 2011 order stated, "[a]t the November 30, 2010 hearing on the Motion, the Court directed the Defendants' counsel to file a motion on the issue of an award of attorneys' fees and costs, which the Court will consider in due course in subsequent proceedings." Therefore, the judgment did not resolve the entire dispute between the parties. Accordingly, we lack jurisdiction over the appeal and must dismiss. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal from a final order.