2011 UT App 173

**Howard AULT, Plaintiff and Appellant,**

v.

**EAGLE MOUNTAIN CITY, Defendant and Appellee.**

**No. 20110163–CA.**

Court of Appeals of Utah.

June 3, 2011.

Bruce R. Baird and Dallis A. Nordstrom, Salt Lake City, for Appellant.

Gerald H. Kinghorn and Catherine L. Brabson, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Howard Ault appeals the district court's January 10, 2011 order denying his motion for summary judgment and granting Eagle Mountain City's motion for summary judgment. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. In fact, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8.

¶ 3 In *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, the supreme court held that if a district court intends a minute entry or order to be the final order of the court, it "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. When the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the non-prevailing party when necessary, to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶ 30.

¶ 4 The January 10, 2011 order does not satisfy the requirements set forth in *Giusti*. While the district court may have intended the order to be its final order, the district court did not expressly indicate that the order was the final order of the court and that no further order was required. Furthermore, no party prepared a final order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Thus, the order is not final for purposes of appeal, and this court is required to dismiss the appeal. *See Bradbury*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.