2011 UT App 283

**HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for WELLS FARGO ASSET SECURITIES CORP., Plaintiff and Appellee,**

v.

**Shirley SOUTHWICK, aka Shelly Southwick, and Rachel Hickey, Defendants and Appellants.**

No. 20110486–CA.

Court of Appeals of Utah.

Aug. 25, 2011.

Joann S. Secrist–Bess, Parowan, for Appellants.

Richard Gunnerson and Brad G. DeHaan, Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Defendants appeal the trial court's entry of judgment against them. This is before the court on its own motion for summary disposition. After review of the record, it is apparent that the notice of appeal was untimely filed, thus depriving this court of jurisdiction over the appeal.

¶ 2 This case originated as an unlawful detainer action. The trial court entered judgment for damages and an order of restitution on April 14, 2011. The judgment was a final order because it finally disposed of the subject matter of the litigation.[1] *See Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649. The notice of appeal in this case was filed on May 25, 2011.

¶ 3 In unlawful detainer actions, a notice of appeal must be filed within ten days after the entry of judgment. *See* Utah R.App. P. 4(a). Here, the notice of appeal[2] was not filed within ten days after the judgment was entered. Where an appeal is not timely filed, this court lacks jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616. Accordingly, we must dismiss the appeal. *See Bradbury,* 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 4 Dismissed.

---

1. Defendants filed several postjudgment motions, but none were of the type listed in rule 4(b) of the Utah Rules of Appellate Procedure, which would have tolled the time for appeal.

2. We have assumed that the notice of appeal targeted the final order in this case. The notice of appeal failed to identify the order being appealed, which in itself is a jurisdictional failure. A notice of appeal must designate the order or judgment appealed from. *See* Utah R.App. P. 3(d). "This requirement is jurisdictional because the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *K.S. v. S.H.,* 2002 UT App 82, ¶ 9, 45 P.3d 527. Accordingly, if the notice was intended to target a postjudgment order, it is insufficient to invoke jurisdiction.