2011 UT App 288

**Robert Keith LEVIN, Petitioner and Appellee,**

v.

**Hope M. CARLTON–LEVIN, Respondent and Appellant.**

**No. 20110499–CA.**

Court of Appeals of Utah.

Aug. 25, 2011.

Joann S. Secrist–Bess, Parowan, for Appellant.

Joshua K. Peterman, Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

### DECISION

PER CURIAM:

¶ 1 Hope M. Carlton–Levin appeals the district court's order entered on May 3, 2011. Appellee, Robert Keith Levin filed a motion for summary disposition asserting that this court lacks jurisdiction for lack of a final, appealable order. Ms. Carlton–Levin does not oppose summary disposition. We dismiss the appeal without prejudice.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. For an order or judgment to be final, it must "dispose of all parties or claims to an action." *Id.* ¶ 10. The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶ 12. Additionally, "[a] trial court must determine the amount of attorney fees awardable to a party

before the judgment becomes final for purposes of appeal." *ProMax Dev. Corp. v. Raile,* 2000 UT 4, ¶ 15, 998 P.2d 254.

¶ 3 The record indicates that the district court's May 3, 2011 order does not determine the amount of attorney fees awardable and that this issue remains pending before the district court. Appellee filed a motion for summary disposition asserting that this court lacked jurisdiction to consider the appeal as the district court had not resolved the outstanding issue of attorney fees stemming from the May 3, 2011 order. Appellee requested that this court dismiss the appeal without prejudice to the filing of a timely appeal from a final, appealable order. Appellant does not oppose the motion for summary disposition. Because the issue of attorney fees remains pending in the district court, the May 3, 2011 order is not final for purposes of appeal, and this court is required to dismiss the appeal without prejudice. *See id.; see also Bradbury,* 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 4 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final, appealable order.