2011 UT App 286

**Eddie Ray BOZARTH Jr., Plaintiff and Appellant,**

v.

**Richard Lee KALLES and Margaret Vose, Defendants and Appellees.**

**No. 20110489–CA.**

Court of Appeals of Utah.

Aug. 25, 2011.

Eddie Ray Bozarth Jr., Vernal, Appellant pro se.

Richard Lee Kalles and Margaret Vose, Cedar City, Appellees pro se.

## DECISION

PER CURIAM:

¶ 1 Eddie Ray Bozarth Jr. seeks to appeal the district court's order entered on April 12, 2011. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

---

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. This court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8. Previously, a signed minute entry could be considered to be a final, appealable order so long as the minute entry or order specified with certainty a final determination of the rights of the parties and was susceptible to enforcement. *See Dove v. Cude*, 710 P.2d 170, 171 (Utah 1985). However, the Utah Supreme Court subsequently determined that the prior framework for analyzing the finality of a minute entry or order for purposes of appeal was unworkable. *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 30–36, 201 P.3d 966. Now, a minute entry or order contemplated as a final, appealable order "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. Otherwise, when the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the parties to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶ 30.

¶ 3 The April 12, 2011 minute entry does not satisfy the requirements set forth in *Giusti*. The district court did not expressly indicate that the April 12, 2011 minute entry was the final order of the court. Furthermore, neither party prepared a final order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Thus, the April 12, 2011 minute entry is not final for purposes of appeal, and this court is required to dismiss the appeal without prejudice.

¶ 4 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.