2011 UT App 300

**Robert Edward AVERY, Petitioner and Appellant,**

v.

**Terri Kae AVERY, Respondent and Appellee.**

No. 20110560–CA.

Court of Appeals of Utah.

Sept. 1, 2011.

Wade Taylor, Salt Lake City, for Appellant.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶1 Robert Edward Avery appeals from the trial court's ruling denying his motion for new trial on his petition to modify a divorce decree. This is before the court on its own motion for summary disposition based on lack of jurisdiction due to the absence of a final order. Neither party responded to the motion, nor did they submit a final order below to cure the defect.

¶2 Generally, appeals may be taken only from final orders. *See* Utah R.App. P. 3(a). Pursuant to rule 7(f)(2) of the Utah Rules of Civil Procedure, unless the trial court approves an order submitted with a motion or otherwise directs that no further order is necessary, the prevailing party must formalize any decision by the trial court in a proposed order. *See* Utah R. Civ. P. 7(f)(2); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 27–28, 201 P.3d 966. If the prevailing party fails to provide an order, the nonprevailing party may do so to perfect the right to appeal a decision. *See Giusti*, 2009 UT 2, ¶ 28, 201 P.3d 966. If neither party submits an order, "the appeal rights of the nonprevailing party will extend indefinitely" because the appeal time will not be triggered by the entry of a final order under the rule. *Id.* ¶ 35.

¶3 In this instance, the trial court entered a ruling on the motion for new trial but it did not specify that it was the final order of the court. Absent that language directing that no further order is necessary, a party must submit a formal order to provide finality for purposes of appeal. *See id.* Neither party has submitted such an order. As a result, there is no final order from which to appeal. *See id.* Where an appeal is not properly taken, this court lacks jurisdiction and must dismiss it. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶4 Accordingly, this appeal is dismissed without prejudice to the filing of a timely notice of appeal after the entry of a final order.