2011 UT App 308

**Robert W. MONTGOMERY,
Plaintiff and Appellant,**

v.

**Valerie COTTAM, Howard Cottam,
and Does I–X, Defendants and
Appellees.**

No. 20110253–CA.

Court of Appeals of Utah.

Sept. 9, 2011.

James L. Spendlove, St. George, for Appellant.

Gary G. Kuhlmann and Nicolas D. Turner, St. George, for Appellees.

Before Judges ORME, VOROS, and ROTH.

DECISION

PER CURIAM:

¶1 Robert W. Montgomery appeals the district court's February 9, 2011 Memorandum Decision and Order on Defendant's Motion to Dismiss. This matter is before the court on a sua sponte motion for summary disposition based upon lack of jurisdiction. We dismiss the appeal without prejudice.

¶2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶9, 5 P.3d 649. In fact, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶8.

¶3 In *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, the supreme court held that if a district court intends a minute entry or order to be the final order of the court, it "must explicitly direct that no addi-

tional order is necessary." *Id.* ¶32. When the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the non-prevailing party when necessary, to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶30.

¶4 The February 9, 2011 order does not satisfy the requirements set forth in *Giusti.* While the district court may have intended the order to be its final order, the district court did not expressly indicate that the order was the final order of the court and that no further order was required. Furthermore, no party prepared a final order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Thus, the order is not final for purposes of appeal, and this court is required to dismiss the appeal.[1] *See Bradbury*, 2000 UT 50, ¶8, 5 P.3d 649.

¶5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.

---

1. Additionally, the order may not be final for another reason. On February 17, 2011, an affidavit of attorney fees was filed with the district court. "A judgment is not final if the trial court has failed to determine whether attorney fees should be awarded." *Loffredo v. Holt*, 2001 UT 97, ¶12, 37 P.3d 1070. Accordingly, if an issue exists concerning whether a party is entitled to attorney fees, the matter is not final until the attorney fee issue has been resolved.