2011 UT App 328

**Steven BLASER, Plaintiff and Appellee,**

v.

**Colleen BENTLEY, Defendant and Appellant.**

**No. 20110538–CA.**

Court of Appeals of Utah.

Sept. 29, 2011.

Wayne G. Petty, Salt Lake City, for Appellant.

James H. Deans, Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶1 Colleen Bentley appeals the district court's order entered on June 3, 2011. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

¶2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶9, 5 P.3d 649. Indeed, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶8. Previously, a signed minute entry could be considered to constitute a final, appealable order so long as it specified with certainty a final determination of the rights of the parties and was susceptible to enforcement. *See Dove v. Cude*, 710 P.2d 170, 171 (Utah 1985).

¶3 The Utah Supreme Court has determined that the prior framework for analyzing the finality of a minute entry or order for purposes of appeal was unworkable. *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶30–36, 201 P.3d 966. As of the supreme court's decision in *Giusti*, a minute entry or order contemplated as final by the district court "must explicitly direct that no additional order is necessary." *Id.* ¶32. Otherwise, when the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶30. If the prevailing party does not prepare and file an order in accordance with rule 7(f)(2), the non-prevailing party must do so. *See id.* ¶38.

¶4 The June 3, 2011 memorandum decision and order does not satisfy the requirements set forth in *Giusti*. The district court did not expressly indicate that the June 3, 2011 memorandum decision and order was the final order of the court. Furthermore, neither party prepared a final order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Thus, the June 3, 2011 memorandum decision is not final for purposes of appeal, and this court is required to dismiss the appeal without prejudice.

¶5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.