2011 UT App 349

**Darryl Eugene HODGE, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20110372–CA.

Court of Appeals of Utah.

Oct. 14, 2011.

■■■■■■■■■■■■■■■■■■

Darryl Hodge, Draper, Appellant Pro Se.

Mark L. Shurtleff and Brett J. DelPorto, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶1 Darryl Eugene Hodge seeks to appeal the district court's April 15, 2011 ruling granting the State's motion to dismiss Hodge's petition for post-conviction relief. This matter is before the court on a sua sponte motion for summary disposition on the basis that this court lacks jurisdiction due to the absence of a final, appealable order.

¶2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia,* 2000 UT 50, ¶9, 5 P.3d 649. In fact, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶8.

¶3 In *Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, 201 P.3d 966, the supreme court held that if a district court intends a minute entry, ruling, or order to be the final order of the court, it "must explicitly direct that no additional order is necessary." *Id.* ¶32. When the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the non-prevailing party when necessary, to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶30.

¶4 The April 15, 2011 ruling does not satisfy the requirements set forth in *Giusti.* The district court did not expressly indicate that the ruling was the final order of the court and that no further order was required. Furthermore, no party prepared a final order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Thus, the ruling is not final for purposes of appeal, and this court is required to dismiss the appeal. *See Bradbury,* 2000 UT 50, ¶8, 5 P.3d 649.

¶5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.