2011 UT App 369

**Lynn A. JENKINS, Plaintiff and Appellant,**

v.

**CLEARFIELD CITY, Defendant and Appellee.**

**No. 20110672–CA.**

Court of Appeals of Utah.

Oct. 27, 2011.

Lynn A. Jenkins, Bountiful, Appellant Pro Se.

Robert C. Keller, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Lynn A. Jenkins filed a notice of appeal wherein he fails to specify any order or judgment from which the appeal is taken. In fact, in Jenkins's docketing statement he specifically states that there is no final order on which he is basing his appeal. This matter is before the court on Clearfield City's motion for summary disposition. We dismiss the appeal.

¶ 2 Rule 3(d) of the Utah Rules of Appellate Procedure provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment or order, or part thereof, appealed from; shall designate the court from which the appeal is taken; and shall designate the court to which the appeal is taken." Utah R.App. P. 3(d).

¶ 3 The Utah Supreme Court has determined that the requirement to designate the judgment or order from which the appeal is taken is jurisdictional because "the object of the notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *Jensen v. Intermountain Power Agency*, 1999 UT 10, ¶ 7, 977 P.2d 474. When a notice of appeal fails to identify the order sought to be appealed, the notice of appeal is insufficient for this court to assume jurisdiction over the appeal. *See In re B.B.*, 2002 UT App 82, ¶ 10, 45 P.3d 527.

¶ 4 Jenkins's notice of appeal does not comply with rule 3(d) of the Utah Rules of Appellate Procedure as it fails to designate any order or judgment from which the appeal is taken. Thus, the notice of appeal is insufficient for this court to assume jurisdiction over the appeal. *See id.* When this court lacks jurisdiction over an appeal, we are required to dismiss the appeal. *See*

---

*Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 5 Accordingly, the appeal is dismissed.