2011 UT App 378

**CLEARFIELD CITY, Plaintiff and Appellee,**

v.

**Lynn Allan JENKINS, Defendant and Appellant.**

No. 20110754–CA.

Court of Appeals of Utah.

Nov. 3, 2011.

Second District, Farmington Department, 110705256; The Honorable Thomas L. Kay.

Lynn A. Jenkins, Bountiful, Appellant Pro Se.

Robert C. Keller, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶ 1 Lynn Allan Jenkins filed a notice of appeal in this case that failed to specify any order or judgment from which the appeal is taken, stating that he appeals "that eminent domain taking of Steed Pond in the above-entitled case." However, the underlying case is a case filed by Plaintiff Clearfield City pursuant to Utah Code section 38–9–1, to invalidate a wrongful lien and to obtain statutory damages and attorney fees. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 Rule 3(d) of the Utah Rules of Appellate Procedure provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment or order, or part thereof, appealed from; shall designate the court from which the appeal is taken; and shall designate the court to which the appeal is taken." Utah R.App. P. 3(d). The requirement to designate the judgment or order from which the appeal is taken is jurisdictional because "the object of the notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *Jensen v. Intermountain Power Agency,* 1999 UT 10, ¶ 7, 977 P.2d 474. When a notice of appeal fails to identify the order sought to be appealed, the notice of appeal is insufficient for this court to assume jurisdiction over the appeal. *See In re B.B.,* 2002 UT App 82, ¶ 10, 45 P.3d 527.

¶ 3 When Jenkins filed a notice of appeal in the underlying case, the district court had neither held a hearing on the wrongful lien claim nor issued a final judgment. In his docketing statement, Jenkins conceded that the appeal was not taken from a final judgment. Furthermore, the docketing statement did not raise any issues pertaining to the wrongful lien action and was identical to the docketing statement in his appeal from the condemnation action in our case number 20110672–CA.

¶ 4 We lack jurisdiction over this appeal because it was not taken from a final, appealable order entered in the wrongful lien action. Furthermore, Jenkins's notice of appeal does not comply with rule 3(d) of the Utah Rules of Appellate Procedure because it fails to designate any order or judgment from which the appeal is taken. When this court lacks jurisdiction over an appeal, we are required to dismiss the appeal. *See Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649. Accordingly, we dismiss the appeal.