2011 UT App 374

**Randall J. TOLBERT, dba Hometown Development & Construction, a Limited Liability Company, Plaintiff and Appellee,**

v.

**David KELLY; Judy Kelly; First American Title Insurance Agency of Utah, Inc.; Bonneville Title Company, Inc.; Western Surety Company, Inc., Defendants and Appellants.**

No. 20100330–CA.

Court of Appeals of Utah.

Nov. 3, 2011.

Ronald E. Griffin, North Salt Lake, for Appellants.

Chad L. Woolley, Sandy, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Appellants seek to appeal the district court's March 17, 2010 memorandum decision and order denying their motions under rules 52, 54(b), and 59 of the Utah Rules of Civil Procedure, and granting Randall J. Tolbert's motion to strike their attorney fee affidavit and cost memorandum. This matter is before the court on Appellants' motion for declaratory relief concerning whether the March 17, 2010 memorandum decision and order was a final, appealable order. We dismiss the appeal for lack of jurisdiction.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. In fact, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8.

¶3 In *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, the supreme court held that if a district court intends a minute entry or order to be the final order of the court, it "must explicitly direct that no additional order is necessary." *Id.* ¶32. When the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the non-prevailing party when necessary, to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶30.

¶4 The March 17, 2010 memorandum decision and order does not satisfy the requirements set forth in *Giusti*. The district court did not expressly indicate that the decision was the final order of the court and that no further order was required. Furthermore, no party prepared a final order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Thus, the ruling is not final for purposes of appeal, and this court is required to dismiss the appeal. *See Bradbury*, 2000 UT 50, ¶8, 5 P.3d 649.

¶5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.