2011 UT App 420

**Lisa R. CHATELAIN, Petitioner and Appellant,**

v.

**Jeffrey D. CHATELAIN, Respondent and Appellee.**

No. 20110558–CA.

Court of Appeals of Utah.

Dec. 8, 2011.

Steve S. Christensen and Craig L. Pankratz, Salt Lake City, for Appellant.

Kim M. Luhn, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Lisa R. Chatelain appeals the district court's order entered on February 3, 2011. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649. Indeed, for an order or judgment to be final, it must "dispose of all parties or claims to an action." *Id.* ¶ 10. The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶ 12.

¶ 3 The Utah Supreme Court has determined that a trial court must resolve the amount of attorney fees awardable to a party before the judgment becomes final for purposes of appeal under rule 3 of the Utah Rules of Appellate Procedure. *See ProMax Dev. Corp. v. Raile,* 2000 UT 4, ¶ 15, 998 P.2d 254.

¶ 4 The district court's February 3, 2011 order does not resolve the issue of attorney fees. Appellant's response to summary disposition concedes that the issue of attorney fees remains pending in the district court, and that Appellant intends to file a new appeal upon the entry of a final, appealable order. Because the February 3, 2011 order is not final for purposes of appeal, this court is required to dismiss the appeal without prejudice. *See id.; see also Bradbury* 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final, appealable order.