2011 UT App 428

### In the Matter of the ESTATE OF Florence WILKINSON and Jack Virgil Wilkinson

**Jack V. Wilkinson Jr., Petitioner and Appellant,**

v.

**Bob Wilkinson, Alan Lee Graham, Eddie Josephson, Rosemary Delenge, Phyllis M. Sorensen, Gloria Muhar, Michael M. Millet, Delena Ungricht, and Danny Millet, Other Parties and Appellee.**

### No. 20110876–CA.

Court of Appeals of Utah.

Dec. 15, 2011.

Jack V. Wilkinson Jr., Draper, Appellant Pro Se.

Bill O. Heder, Provo, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Jack V. Wilkinson Jr. seeks to appeal the trial court's order appointing Bob Wilkinson as a special administrator of the estate of their father. This is before the court on its own motion for summary disposition based

---

**62.** *Id.*

on lack of jurisdiction due to the absence of a final order.

¶2 Generally, appeals may be taken only from final orders. *See* Utah R.App. P. 3(a); *Bradbury v. Valencia*, 2000 UT 50, ¶9, 5 P.3d 649. To be final for purposes of appeal, an order must "finally dispose of the subject-matter of the litigation on the merits of the case." *Bradbury*, 2000 UT 50, ¶9, 5 P.3d 649. Here, the order appointing a special administrator was entered in March 2011. The function of that order was only to give a person authority to manage the estate during the litigation. The key issues of the probate case remain pending before the court. The validity of a will produced by Appellant is disputed, and entitlement to the estate has not been determined. Accordingly, there has not been a final disposition of the case and there is no final order from which to appeal. *See id.* As a result, this court lacks jurisdiction over this appeal and must dismiss it. *See id.* ¶8.

¶3 Accordingly, this appeal is dismissed without prejudice to the filing of a timely notice of appeal after the entry of a final order.