2011 UT App 436

**George WEINSTEIN, Plaintiff and Appellant,**

v.

**Richelle BENNETT and Chelsie Bennett, Defendants and Appellees.**

No. 20110828–CA.

Court of Appeals of Utah.

Dec. 22, 2011.

George Weinstein, Park City, Appellant Pro Se.

Aaron Alma Nelson and Linda L.W. Roth, Salt Lake City, for Appellee Richelle Bennett.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 George Weinstein appeals the district court's order entered on August 18, 2011.

This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. Indeed, for an order or judgment to be final, it must "dispose of all parties or claims to an action." *Id.* ¶ 10. The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶ 12.

¶ 3 The Utah Supreme Court has determined that a trial court must resolve the amount of attorney fees awardable to a party before the judgment becomes final for purposes of appeal under rule 3 of the Utah Rules of Appellate Procedure. *See ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d 254. This rule serves to prevent piecemeal appeals should a party seek to challenge an award of attorney fees entered after a judgment on the underlying merits. *See id.* ¶ 14.

¶ 4 The district court has not resolved the outstanding issue of attorney fees, and the matter has been set for a future hearing. Because the August 18, 2011 order does not resolve the issue of attorney fees, the order is not a final, appealable order. *See id.* ¶ 15. Thus, we are required to dismiss the appeal without prejudice. *See id.; see also Bradbury*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final, appealable order.[1]

---

1. Weinstein's request to convert this appeal to an

interlocutory appeal is denied.