IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Endre' Glenn, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110957-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Walter T. Keane, PC; and Walter T. | ) | (January 6, 2012) |
| Keane, individually, | ) | |
| | ) | |
| Defendant and Appellee. | ) | 2012 UT App 8 |

-----

Third District, Salt Lake Department, 090915207
The Honorable Kate A. Toomey

Attorneys:    Endre' Glenn, Redmond, Washington, Appellant Pro Se

-----

Before Judges McHugh, Thorne, and Christiansen.

¶1      Endre' Glenn seeks to appeal the trial court's order denying his motion to vacate an arbitration award and, instead, confirming the award.  This is before the court on its own motion for summary disposition based on lack of jurisdiction due to the absence of a final order.

¶2      Generally, appeals may be taken only from final orders.  *See* Utah R. App. P. 3(a). Pursuant to rule 7(f)(2) of the Utah Rules of Civil Procedure, unless the trial court approves an order submitted with a motion or otherwise directs that no further order is necessary, the prevailing party must formalize any decision by the trial court in a proposed order.  *See* Utah R. Civ. P. 7(f)(2); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 27-28, 201 P.3d 966.  If the prevailing party fails to provide an order, the nonprevailing party may do so to perfect the right to appeal a decision.  *See Giusti*, 2009 UT 2, ¶ 28.  If neither party submits an order, "the appeal rights of the nonprevailing

party will extend indefinitely" because the appeal time will not be triggered by the entry of a final order under the rule. *Id.* ¶ 35.

¶3     In this instance, the trial court entered a memorandum decision disposing of Glenn's motion and confirming the award, but the order did not specify that it was the final order of the court. Absent language directing that no further order is necessary, a party must submit a formal order to provide finality for purposes of appeal. *See id.* Neither party has submitted such an order. As a result, there is no final order from which to appeal. *See id.*

¶4     Glenn asserts that the trial court's order is appealable under Utah statute. *See* Utah Code Ann. § 78B-11-129 (2008). Although he is correct that orders confirming arbitration awards are statutorily appealable as a matter of right, such orders are subject to the rules of civil procedure and the requirements of *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2. *Giusti* requires strict compliance with rule 7(f)(2) in every order before it is final for appeal purposes. "Rule 7(f)(2) applies to every final decision issued by a district court." *Id.* ¶ 38.

¶5     In sum, the trial court's order confirming the arbitration award is not final for purposes of appeal because it does not meet the requirements of rule 7(f)(2) and *Giusti*. Where an appeal is not properly taken, this court lacks jurisdiction and must dismiss it. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶6     Accordingly, this appeal is dismissed without prejudice to the timely filing of a notice of appeal after the entry of a final order.

_____
Carolyn B. McHugh,
Presiding Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge