IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Chaz Denbow, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | Case No. 20110958-CA |
| v. | ) | |
| | ) | F I L E D |
| Eugene H. Cavoli; Quality TTSLS | ) | (January 20, 2012) |
| Transportation, DBA; and John | ) | |
| Does I-X, | ) | |
| | ) | 2012 UT App 12 |
| Defendants and Appellees. | ) | |

-----

Third District, West Jordan Department, 090417797
The Honorable Andrew H. Stone

Attorneys:    Mark R. Taylor, Kenneth D. Lougee, and David C. Biggs, Salt Lake City,
              for Appellant
              Miles M. Dewhirst, Rick N. Haderlie, and Kyle L. Shoop, Salt Lake City,
              for Appellees

-----

Before Judges Orme, Thorne, and Christiansen.

¶1    Chaz Denbow appeals the district court's order entered on October 18, 2011. This matter is before the court on a sua sponte motion for summary disposition for lack of jurisdiction. We dismiss the appeal without prejudice.

¶2    Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. Indeed, for an order or judgment to be final, it must "dispose of all parties and claims to an action." *Id.* ¶ 10. The only exceptions to the final judgment rule are where: (1) an appeal is permitted

under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court expressly certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶ 12.

¶3 The record indicates that the district court's October 18, 2011 order did not "dispose of all parties and claims to the action." *Id.* ¶ 10. Rule 54(b) provides that a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court." Utah R. Civ. P. 54(b). Thus, when an order does not dispose of all parties and claims to the action, in order to constitute a final, appealable order, the order must be certified as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure.

¶4 The record does not indicate that the district court's order was certified as final as required by rule 54(b). The parties do not demonstrate that this matter meets any other exception to the final judgment rule. Thus, the judgment is not final for purposes of appeal, and this court is required to dismiss the appeal without prejudice. *See Bradbury*, 2000 UT 50, ¶ 8.

¶5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge