IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Vear LeRoy Brooks, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20111036-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (January 26, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 23 |
| Respondent and Appellee. | ) | |

-----

Third District, Salt Lake Department, 100923265
The Honorable Royal I. Hansen

Attorneys:      Vear LeRoy Brooks, Draper, Appellant Pro Se
                Mark L. Shurtleff and Erin Riley, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Christiansen.

¶1      Vear LeRoy Brooks filed a notice of appeal in the above captioned case. This is before the court on its own motion for summary disposition based on lack of jurisdiction due to the absence of a final order.

¶2      Generally, an appeal may be taken only from a final order or judgment. *See* Utah R. App. P. 3(a); *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649. For an order to be final, it must dispose of the subject matter of the case, leaving nothing else to be decided. *See Bradbury*, 2000 UT 50, ¶ 9. An appeal is improper if not taken from a final order or judgment. *See id.* Where an appeal is not properly taken, this court lacks jurisdiction and must dismiss it. *See id.* ¶ 8.

¶3     This case originated in the trial court when Brooks filed a petition for postconviction relief. In response to his amended petition, the State filed a motion to dismiss. This matter remains pending in the trial court. There is no final order for Brooks to appeal. Therefore, this court lacks jurisdiction over the appeal and must dismiss it. *See id.*

¶4     Accordingly, this appeal is dismissed without prejudice to the filing of a timely notice of appeal after the entry of a final order.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Michele M. Christiansen, Judge