IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Gary T. Richards and Clara Rita Richards, | ) ) ) | PER CURIAM DECISION |
| | ) | Case No. 20110999-CA |
| Plaintiffs and Appellants, | ) ) | |
| v. | ) ) | F I L E D (February 24, 2012) |
| M&M Capital, LLC; Matthew Curtis; eTitle Insurance Agency; Deutsche Bank National Trust Company; JP Morgan Mortgage Acquisition Corp.; and Jane and John Does 1-10; | ) ) ) ) ) ) ) | 2012 UT App 59 |
| Defendants and Appellees. | ) | |

-----

Fifth District, St. George Department, 110502102
The Honorable James L. Shumate

Attorneys:     JoAnn S. Secrist-Bess, Parowan, for Appellants
Jenny T. Jones and Kimball A. Forbes, St. George, for Appellee M&M Capital, LLC
James D. Gilson and J. Tayler Fox, Salt Lake City, for Appellees Deutsche Bank National Trust Company and JP Morgan Chase Bank, NA.

-----

Before Judges Orme, Thorne, and Christiansen.

¶1     Gary T. and Clara Rita Richards appeal the district court's October 7, 2011 order. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

¶2    Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649.  Indeed, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order.  *See id.* ¶ 8.  For an order to be a final, appealable order, the order must "dispose of all parties or claims to an action."  *Id.* ¶ 10.  The only exceptions to the final judgment rule are where:  (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure.  *See id.* ¶ 12.

¶3    On July 29, 2011, Appellee M&M Capital, LLC, filed an unlawful detainer action seeking an order of restitution to remove the Richardses from the subject property as well as requesting an award of monetary damages.  The unlawful detainer action was consolidated with a separate lawsuit that had been filed by the Richardses.  On October 7, 2011, the district court entered an order of restitution requiring the Richardses to vacate the property.  However, the claim for monetary damages remains pending before the district court.  Thus, the October 7, 2011 order "does not dispose of all parties or claims to the action."  *Id.* ¶ 10.  The parties also fail to demonstrate that this appeal qualifies for any exception to the final judgment rule.

¶4    Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge