IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Randy Thomas Naves, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20120042-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Alfred Bigelow, Warden; | ) | (March 29, 2012) |
| Utah Board of Pardons, | ) | |
| | ) | 2012 UT App 86 |
| Respondents and Appellees. | ) | |

-----

Third District, Salt Lake Department, 110912255
The Honorable John Paul Kennedy

Attorneys:     Randy Thomas Naves, Draper, Appellant Pro Se
                 Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Appellees

-----

Before Judges Voros, Orme, and Roth.

¶1     Randy Thomas Naves seeks to appeal the district court's December 12, 2011 memorandum decision granting the State's motion for summary judgment, and the district court's December 23, 2011 memorandum decision denying Naves's motion for reconsideration. This matter is before the court on its own motion for summary disposition on the basis that this court lacks jurisdiction due to the absence of a final, appealable order.

¶2     Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. In fact, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8.

¶3    In *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, the supreme court held that if a district court intends a minute entry, ruling, or order to be the final order of the court, it "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. When the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the non-prevailing party when necessary, to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶ 30.

¶4    The December 12, 2011 and December 23, 2011 rulings do not satisfy the requirements set forth in *Giusti*. The district court did not expressly indicate that the rulings were the final orders of the court and that no further orders were required. Furthermore, no party prepared final orders as required by rule 7(f)(2) of the Utah Rules of Civil Procedure. Thus, the rulings are not final for purposes of appeal, and this court is required to dismiss the appeal. *See Bradbury*, 2000 UT 50, ¶ 8.

¶5    Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.


_____
J. Frederic Voros Jr.,
Associate Presiding Judge



_____
Gregory K. Orme, Judge



_____
Stephen L. Roth, Judge