2014 UT App 238

# THE UTAH COURT OF APPEALS

DENNIS M. RILEY,
Petitioner and Appellant,
*v.*
ANNETTE RILEY,
Respondent and Appellee.

Per Curiam Decision
No. 20140666-CA
Filed October 9, 2014

Third District Court, Salt Lake Department
The Honorable Kate A. Toomey
No. 084902576

David A. McPhie, Attorney for Appellant

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN,
and RUSSELL W. BENCH.[1]

PER CURIAM:

¶1      Dennis M. Riley (Husband) appeals from orders regarding his petition to modify his alimony obligation. This matter is before the court on its own motion for summary disposition on both the grounds of jurisdiction and the lack of a substantial question for review.

¶2      The facts relevant to the resolution of this appeal are strictly procedural. Husband petitioned to modify his alimony payments and alleged a single ground for modification. Although put on

--------

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

notice by Annette Riley (Wife) that he should amend the petition if other grounds for modification were going to be pursued, Husband did not amend the petition. The trial court found that Husband did not prove the sole alleged ground for modification at trial. The trial court entered findings of fact, conclusions of law, and an order denying the petition on January 31, 2014.

¶3 Husband filed a timely motion to amend the judgment pursuant to rule 59 of the Utah Rules of Civil Procedure. That motion urged the trial court to consider evidence in support of a separate, non-pleaded ground for modification. After a hearing, the trial court denied the motion in an order entered on April 14, 2014.

¶4 After the trial court denied his first postjudgment motion, Husband filed a second postjudgment motion. The second motion sought to amend the trial court's findings pursuant to rule 52 of the Utah Rules of Civil Procedure. The trial court denied this second motion in an order entered on July 25, 2014.

¶5 After the denial of his rule 52 motion, Husband filed a notice of appeal. The notice stated that the appeal was taken from the judgment entered on January 31, 2014, the order denying his motion to amend the judgment entered on April 14, 2014, and the order denying his motion to amend the findings entered on July 25, 2014. Although Husband seeks to appeal all three orders, the only order from which the notice of appeal was timely filed is the denial of his second postjudgment motion. *See* Utah R. App. P. 4(a) (providing that a notice of appeal must be filed within thirty days after the entry of a final order or judgment).

¶6 Generally, appeals may be taken only from final orders or judgments. Utah R. App. P. 3(a). An order is final if it disposes of the subject matter of the dispute. *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. The order denying Husband's petition to modify entered on January 31 was a final appealable order because it resolved the dispute before the trial court. However, pursuant to rule 4(b) of the Utah Rules of Appellate Procedure, the time for

filing an appeal from a final judgment is tolled by the timely filing of certain postjudgment motions, including motions seeking relief pursuant to rule 59 or rule 52 of the Utah Rules of Civil Procedure. Utah R. App. P. 4(b). If such a motion is filed, the time for appeal runs from the entry of the order disposing of the postjudgment motion. *Id.* R. 4(b)(1).

¶7    In this case, after the final judgment was entered, Husband filed a timely motion to amend the judgment pursuant to rule 59. Accordingly, the time to appeal from the judgment was tolled until the resolution of the postjudgment motion. *See id.* That motion was denied in an order entered on April 14, 2014. Pursuant to rule 4 of the Utah Rules of Appellate Procedure, the time for filing a notice of appeal from the denial of Husband's rule 59 motion and the underlying judgment expired on May 14, 2014. Husband did not file his notice of appeal until July 28, 2014.

¶8    Rather than filing a notice of appeal from the denial of his rule 59 motion, Husband filed a second postjudgment motion, this time seeking to amend the findings of fact under rule 52 of the Utah Rules of Civil Procedure. Although the rule 52 motion requested that the trial court "amend its findings as contained" in the April 14 order, in his response to this court's motion Husband clarifies that the rule 52 motion was intended to reach the findings of fact in the final judgment. However, because the rule 52 motion to amend the findings was not timely filed after the entry of judgment, the motion did not toll the time to appeal from the final judgment. *Id.* R. 4(b) (providing that the time for appeal is tolled by certain timely filed postjudgment motions); *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 969 (Utah Ct. App. 1989) (noting that "improper or untimely motions do not toll the time for appeal from final orders").

¶9    Accordingly, the scope of this appeal is limited to the denial of Husband's rule 52 motion, which is the only order from which the notice of appeal was timely filed. The denial of the rule 52 motion presents no substantial question for review for two reasons.

First, the motion was untimely filed from the final judgment. A motion to amend findings pursuant to rule 52(b) must be made within ten days after the entry of judgment. Utah R. Civ. P. 52(b). Husband's rule 52 motion was not filed until months after the January 31 order denying his petition to modify. When a motion to amend the findings is not timely filed, the trial court must deny the motion. *See Amica Mut. Ins.*, 768 P.2d at 968.

¶10 Second, to the extent that Husband requested the trial court to amend its findings in denying Husband's first postjudgment motion, there is no substantial issue for review because rule 52 does not apply to motions. *See* Utah R. Civ. P. 52(a) (stating that a trial court "need not enter findings of fact and conclusions of law in rulings on motions").[2] Accordingly, the trial court did not err in denying Husband's motion to amend findings pursuant to rule 52.

¶11 Husband argues that there is no explicit requirement that a rule 52 motion must be filed at the same time as a rule 59 motion, and that because his notice of appeal was timely from the denial of his rule 52 motion it relates back to the other orders as well. However, rule 4(b) applies only to postjudgment motions timely filed after the entry of the final judgment. Utah R. App. P. 4(b). The denial of the rule 59 motion was merely the denial of a postjudgment motion, not a final judgment on its own. Furthermore, "permitting successive postjudgment motions . . . unjustifiably prolongs the life of a lawsuit." *Amica Mut. Ins.*, 768 P.2d at 969 (citation and internal quotation marks omitted). Accordingly, improper motions do not toll the time for appeal from a final judgment. *Id.*

¶12 Affirmed.

———————

2. The only exception is for motions pursuant to rule 41(b) of the Utah Rules of Civil Procedure. Utah R. Civ. P. 52(a).