2001 UT 97

**Bonnie LOFFREDO and Donald
A. Westenskow, Plaintiffs
and Appellees,**

v.

**Scott W. HOLT, Defendant
and Appellant.**

**No. 20000170.**

Supreme Court of Utah.

Nov. 9, 2001.

R. Scott Waterfall, Catherine F. Labatte, Ogden, UT, for plaintiffs.

Leonard E. McGee, Bountiful, UT, for defendant.

DURRANT, Justice:

¶ 1 This case involves a dispute over attorney fees between Scott Holt and his former clients, Donald Westenskow and Bonnie Loffredo. The central question presented is whether rule 1.5(c) of the Utah Rules of Professional Conduct precludes the enforcement of an unsigned contingent fee agreement. The district court concluded that the agreement was unenforceable and granted Westenskow's summary judgment motion. On appeal, Holt contends that rule 1.5(c) does not establish the contractual elements required to form a valid contingent fee agreement. We decline to address this issue, however, because we lack jurisdiction. The appeal before us is not from a final judgment. Nor does it qualify for an exception to the final judgment rule. As a result, we dismiss this case without reaching its merits.

## BACKGROUND

¶ 2 Following a car crash that resulted in the death of their daughter, Westenskow and Loffredo hired attorneys to represent them in a wrongful death action. Loffredo retained Holt as her attorney and entered into a contingent fee agreement with him. This signed contract stated that Holt would receive twenty-five percent of any recovery obtained before the commencement of a lawsuit and thirty-three percent of any recovery garnered thereafter. The agreement also included a dispute provision. It declared that in the event a legal proceeding was necessary to enforce the terms of the contract, the defaulting party would be liable for reasonable attorney fees and costs.

¶ 3 Westenskow initially asked another attorney to represent him in the suit, but later retained Holt. Holt did not reduce the terms of his representation to writing at the outset, although he and Westenskow orally agreed that Westenskow would pay the same contingent fee percentage as Loffredo. Following this oral agreement, Holt mailed a written contingent fee agreement to Westenskow. Westenskow did not sign the written agreement or return it to Holt.

¶ 4 Subsequently, Farmer's Insurance Exchange filed a declaratory relief action, naming Westenskow and Loffredo as defendants. Farmer's Insurance demanded relief from the district court because it was one of three insurance companies potentially responsible for providing insurance coverage in the wrongful death action contemplated by Westenskow and Loffredo. Eventually, the three insurance companies settled with Westenskow and Loffredo, and tendered payment via three separate checks. As each check was received, Holt deducted thirty-three percent of the money for himself and withheld that amount as his fee. He apportioned the remaining proceeds between his two clients, with seventy percent going to Loffredo and thirty percent to Westenskow. In accepting the settlement money, both Westenskow and Loffredo signed three separate settlement statements. The signed statements noted that Holt was retaining thirty-three percent of the recovered funds.

¶ 5 Thereafter, Loffredo and Westenskow sued Holt, contending that he was not entitled to withhold thirty-three percent of the total amount recovered and demanding that he disgorge the funds. Westenskow argued that Holt was not entitled to collect a contingent fee because he never signed a written agreement with Holt. Loffredo alleged that Holt knowingly misrepresented the terms of the written contingent fee contract she had signed. She maintained that Holt should have been limited to a twenty-five percent recovery. The total amount that Loffredo and Westenskow demanded equaled $45,000.

¶ 6 Following the submission of summary judgment motions by both sides, the district court ruled in favor of Westenskow and against Loffredo. The court decided as a matter of law that a valid contingent fee agreement did not exist between Westen-

skow and Holt because rule 1.5(c) of the Utah Rules of Professional Conduct required such agreements to be in writing. Nevertheless, the trial court afforded Holt an opportunity to recover a reasonable hourly fee for the time he had spent on Westenskow's case. It ordered Holt to prepare an accounting of his services and submit the statement within twenty days. Holt failed to meet that deadline, delivering time estimates to the court three months after the order was issued. Due to the delay, the trial court held that Holt was not entitled to collect any fee from Westenskow and awarded Westenskow the fees Holt had retained plus interest.

¶ 7 With respect to Loffredo's contention that Holt deducted an excessive fee percentage, the trial court granted Holt's summary judgment motion. It held that Loffredo was obligated to pay Holt a contingent fee of thirty-three percent, concluding that she agreed in writing to pay the higher fee percentage if a lawsuit was filed.

¶ 8 Despite its various summary judgment rulings, the district court did not completely dispose of all the summary judgment claims made by the parties. In particular, the trial court failed to address Holt's claim that he was entitled to additional attorney fees and costs from Loffredo for being forced to defend the terms of the contingent fee agreement in court.

¶ 9 Holt now appeals the district court's summary judgment order, arguing that Westenskow was not entitled to reimbursement and that Loffredo should have been ordered to pay him reasonable attorney fees and costs. Westenskow and Loffredo respond that we lack jurisdiction to hear this appeal.

## ANALYSIS

¶ 10 This court does not have jurisdiction over an appeal unless it is taken from a final judgment, Utah R.App. P. 3(a), or qualifies for an exception to the final judgment rule. *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. Here, Holt appeals the district court's summary judgment order.[1] He contends that we have jurisdiction over his appeal because the summary judgment order constituted a final judgment under section 78-2-2 of the Utah Code. It is undis-

puted, however, that a claim brought by Holt seeking attorney fees and costs from Loffredo is still pending before the trial court. We therefore conclude that the judgment from which Holt appeals is not final and must be dismissed on jurisdictional grounds.

## I. HOLT'S APPEAL IS NOT TAKEN FROM A FINAL JUDGMENT

¶ 11 We have repeatedly affirmed the viability of the final judgment rule as a barrier to our jurisdiction. *See, e.g., Bradbury*, 2000 UT 50 at ¶ 10, 5 P.3d 649; *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325 (Utah 1991); *Williams v. State*, 716 P.2d 806, 808 (Utah 1986). Generally speaking, the rule prevents a party from prematurely appealing a non-final judgment, and thereby preserves scarce judicial resources. *See Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 535 (Utah 1979). The rule saves this court from having to deal with "piecemeal appeals in the same litigation." *Id.* Where the final judgment rule is not satisfied, the proper remedy for this court is dismissal. *See A.J. Mackay*, 817 P.2d at 325.

¶ 12 For an order to constitute a final judgment, it must end the controversy between the litigants. *See Kennedy*, 600 P.2d at 536. In other words, to be considered a final order, the trial court's decision must dispose of the claims of all parties. *Bradbury*, 2000 UT 50 at ¶ 10, 5 P.3d 649. A judgment is not final if the trial court has failed to determine whether attorney fees should be awarded. This is the precise issue we resolved in *ProMax Development Corp. v. Raile*, concluding as follows: "[A] trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for the purposes of an appeal under Utah Rule of Appellate Procedure 3." 2000 UT 4, ¶ 15, 998 P.2d 254.

¶ 13 Our holding in *ProMax* governs the outcome of this case. Here, besides claiming that he had a contractual right to deduct thirty-three percent of the settlement recovery as his fee, Holt's summary judgment motion asked the district court to award him reasonable attorney fees and costs from Lof-

---

1. Loffredo has not appealed the district court's summary judgment order in favor of Holt.

fredo. The district court never resolved this claim. Accordingly, the judgment from which Holt appeals is not final.

 ¶ 14 The only argument Holt has advanced supporting his assertion that this appeal is from a final judgment is that the trial court ruled upon "the majority of the issues." We stress that the final judgment rule does not stand for the proposition that the lower court need only resolve the majority of the claims for us to entertain the case. Rather, it requires that all claims, including requests for attorney fees, be decided in order for a decision to be appropriately appealed to this court. *See id.* Strict compliance with this principle is necessary to preserve "the interest[s] of judicial economy." *Id.* If we adopted Holt's position, we would essentially gut the final judgment rule of much of its practical meaning and effectiveness. Consequently, the appeal at issue is not taken from a final judgment, and we cannot sustain our jurisdiction under that rationale.

## II. HOLT'S APPEAL DOES NOT QUALIFY FOR AN EXCEPTION TO THE FINAL JUDGMENT RULE

¶ 15 We next consider whether Holt's appeal qualifies for an exception to the final judgment rule. Three possible exceptions exist. *See Bradbury,* 2000 UT 50 at ¶ 12, 5 P.3d 649. First, non-final judgments merit our review if the three requirements of rule 54(b) of the Utah Rules of Civil Procedure have been satisfied. *Pate v. Marathon Steel Co.,* 692 P.2d 765, 767 (Utah 1984). Second, we have jurisdiction over interlocutory orders when a party obtains our permission under rule 5 of the Utah Rules of Appellate Procedure. UtahR.App.P. 5; *Bradbury,* 2000 UT 50 at ¶ 12, 5 P.3d 649. Finally, we can entertain a non-final judgment if an appeal is permitted by statute. *Bradbury,* 2000 UT 50 at ¶ 12, 5 P.3d 649.

¶ 16 The appeal before us neither complies with those procedures specified for certification under rule 54(b), *see* Utah R. Civ. P. 54(b), nor satisfies the requirements set forth for an interlocutory appeal. *See* UtahR.App. P. 5. Moreover, there is no applicable statute granting an exception. In fact, Holt does not even allege that any of the exceptions apply. Hence, none of the exceptions provide us with a legitimate reason for hearing this appeal.

### CONCLUSION

 ¶ 17 For the reasons articulated above, we conclude that we lack jurisdiction to reach the merits of this case. The mere assertion by Holt that his appeal is taken from a final order is insufficient to confer jurisdiction upon this court. Because the summary judgment order from which Holt appealed left his request for attorney fees and costs unresolved, his appeal is not from a final judgment. Moreover, none of the exceptions to the final judgment rule apply to the instant action. Accordingly, we dismiss this appeal without prejudice and remand it to the district court for further proceedings.

¶ 18 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice WILKINS concur in Justice DURRANT's opinion.