154 P.3d 787 (2006)
2006 UT 75
STATE of Utah, in the interest of S.M., K.K., A.K., M.K., M.K., J.K., J.K., K.K., M.K., R.K., and L.K., persons under eighteen years of age.
Daniel V. Irvin, Appellant,
v.
State of Utah, Appellee.
No. 20050775.
Supreme Court of Utah.
December 5, 2006.
Mark L. Shurtleff, Att'y Gen., Carol L.C. Verdoia, John M. Peterson, Asst. Att'ys Gen., Salt Lake City, for appellee.
Daniel V. Irvin, Salt Lake City, for appellant.
Martha Pierce, Kristin G. Brewer, Salt Lake City, Guardians ad Litem.

On Certification from the Utah Court of Appeals.
WILKINS, Associate Chief Justice:
¶ 1 This case involves the appeal of rule 11 sanctions ordered by the juvenile court against attorney Daniel Irvin. Because it arises from a non-final order and does not qualify for an exception to the final judgment rule, we dismiss for lack of jurisdiction.

BACKGROUND
¶ 2 Originally, Irvin sought review of the order of sanctions in the court of appeals, which, in addition to a full briefing on the merits, directed the parties also to brief the question of jurisdiction, specifically, whether the order is final and appealable under ProMax Development Corp. v. Raile, 2000 UT 4, 998 P.2d 254.[1] After briefing, the court of appeals transferred the matter to us by order of certification.[2]
¶ 3 On August 18, 2005, the juvenile court issued an order finding Irvin in violation of rule 11 of the Utah Rules of Civil Procedure. The court awarded the Guardian ad Litem (the "GAL") $1250 in attorney fees for costs associated with certain motions filed by Irvin. The court further ordered that Irvin pay the *788 additional expenses and attorney fees incurred by the GAL and by the Attorney General in the sanction proceedings.
¶ 4 The actual amount of reimbursement to the GAL and the Attorney General was to be specified by affidavit. In the event of a dispute, Irvin would have ten days to object, and further pleadings or a hearing would be held to determine the amount of the reimbursement.
¶ 5 The GAL and Attorney General timely filed their affidavits, and Irvin did not respond. However, on September 2, Irvin filed a Notice of Appeal of the August 18 order, claiming that the juvenile court erred in ordering the sanctions. On September 19, the juvenile court entered judgment, in favor of the Attorney General, in the amount of $10,370. The amount due the GAL has yet to be reduced to judgment,[3] and therefore, the actual amount of attorney fees are yet to be determined.

ANALYSIS
¶ 6 This court makes the original determination of whether an order is final and appealable. See, e.g., ProMax Dev. Corp. v. Raile, 2000 UT 4, 998 P.2d 254. In aid of that determination, we have stated that "a trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for the purposes of an appeal." Id. ¶ 15. Moreover, we concluded that
[w]here attorney fees are awarded to a party . . . and the amount is not stated in the judgment rendered on the merits of the case, and evidence must be taken afterwards by the trial court either by affidavit or live testimony, there is no final judgment for the purposes of appeal until the amount of the fees has been ascertained and granted.
Id. ¶ 12.
¶ 7 In this case, the order appealed includes the award of attorney fees. The fees were to be determined by later-filed affidavits and, if objected to by Irvin, by hearing. Unquestionably, under ProMax, the order appealed is non-final.
¶ 8 Because the order is non-final, it is appealable only if it meets one of three recognized exceptions to the final judgment rule. Loffredo v. Holt, 2001 UT 97, ¶ 1, 37 P.3d 1070. According to the rule, a non-final order may be appealed if (1) the district court properly certifies the order for appeal under rule 54(b) of the Utah Rules of Civil Procedure, (2) an appellate court grants permission for the appeal of an interlocutory order under rule 5 of the Utah Rules of Appellate Procedure, or (3) the appeal is specifically permitted by statute. Id. ¶ 15.
¶ 9 In this case, Irvin has made no attempt to qualify under any of the exceptions. As a result, Irvin presents us with a non-final order that qualifies for no exception to the final order rule. We therefore have no jurisdiction to review the order or any part of it. Dismissed.
¶ 10 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.
NOTES
[1] Inexplicably, Irvin failed to address the issue of jurisdiction in his brief.
[2] Pursuant to rule 43(a) of the Utah Rules of Appellate Procedure, the agreement of four or more judges of the court of appeals results in the immediate transfer of an appeal to the Supreme Court.
[3] We are somewhat baffled by the GAL's assertion at oral argument that it does not have the resources available to reduce to judgment the amount ordered in its favor.