2011 UT App 101

**Kim BOWERS, Plaintiff and Appellant,**

v.

**Brian ANDERSON, Defendant and Appellee.**

**No. 20110040–CA.**

Court of Appeals of Utah.

March 31, 2011.

Kim Bowers, Springville, Appellant Pro Se.

Before Judges DAVIS, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 This case is before the court on a sua sponte motion for summary disposition on the grounds that the order being appealed is not a final, appealable order.

¶ 2 On November 30, 2010, the district court entered the minute entry order that Plaintiff Kim Bowers appeals. That order states, "Defendant having failed to respond within ten days of April 5, 2010 to Judge Hansen's ruling granting the plaintiff's Motion to Compel, the Court orders as sanctions striking of defendant's Answer and Default Judgment may enter." On December 22, 2010, Bowers filed a notice of appeal from the November 30, 2010 minute entry order stating, "The appeal is taken from such part of the judgment that . . . orders as sanctions striking of defendant's answer which was filed Dec. 15, 2008." In sum, the order that Bowers seeks to appeal strikes Defendant's answer as a discovery sanction and directs that a default judgment may enter. The complaint did not seek damages for a sum certain. Bowers filed an affidavit that raised a number of new claims for damages. However, the record reflects that no default judgment has been entered to date.

¶ 3 Rule 3(a) of the Utah Rules of Appellate Procedure states that "[a]n appeal may be taken from a district . . . court to the appellate court with jurisdiction over the appeal from all final orders and judgments." Utah R.App. P. 3(a). An appeal taken from an order that is not final must be dismissed for lack of appellate jurisdiction. *See Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649. An order is final and appealable when it disposes of all of the claims against all parties on the merits. *See id.* ¶ 9; *see also Loffredo v. Holt,* 2001 UT 97, ¶ 12, 37 P.3d 1070; *Houston v. Intermountain Health Care,* 933 P.2d 403, 406 (Utah Ct.App.1997) ("Generally, a judgment is not a final, appealable order if it does not dispose of all the claims in a case, including counterclaims.").

¶ 4 In opposition to the sua sponte motion for summary disposition, Bowers provides no argument regarding the jurisdictional issue now before the court. No final judgment has

been entered from which an appeal of right may be taken. Accordingly, we dismiss the appeal without prejudice to a timely appeal filed after the entry of a final judgment.