2011 UT App 130

**Pam RITTENHOUSE, Plaintiff and Appellant,**

v.

**FRONT LINE SERVICES, INC., dba Frontline Services, Inc., Defendant and Appellee.**

**No. 20110115–CA.**

Court of Appeals of Utah.

April 28, 2011.

---

Tawni J. Anderson and Shelley M. Doi-Taketa, Salt Lake City, for Appellant.

Denver C. Snuffer Jr. and Daniel B. Garriott, Sandy, for Appellee.

Before Judges DAVIS, McHUGH, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Plaintiff Pam Rittenhouse appeals the district court's order granting summary judgment to Defendant Front Line Services, Inc. (Frontline) and dismissing Rittenhouse's claims with prejudice. This case is before the court on Frontline's motion for summary dismissal for lack of jurisdiction. Rittenhouse agrees that her appeal should be dismissed without prejudice to her filing of a timely appeal after the entry of a final appealable order.

¶ 2 Rule 3(a) of the Utah Rules of Appellate Procedure states that "[a]n appeal may be taken from a district ... court to the appellate court with jurisdiction over the appeal from all final orders and judgments." An appeal taken from an order that is not final must be dismissed for lack of appellate jurisdiction. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649. An order is final and appealable when it disposes of all of the claims against all parties on the merits. *See id.* ¶ 9; *see also Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070; *Don Houston, M.D., Inc. v. Intermountain Health Care*, 933 P.2d 403, 406 (Utah Ct.App.1997) ("Generally, a judgment is not a final, appealable order if it does not dispose of all the claims in a case, including counterclaims."). The January 5, 2011 order dismissed all claims in Rittenhouse's complaint with prejudice, but it did not resolve Frontline's pending counterclaims.

¶ 3 Because this appeal is not taken from a final order, we dismiss the appeal without prejudice to a timely appeal taken after the entry of a final, appealable order.