2011 UT App 223

**D.G. JOHNSON TRUCKING, INC.,**
**Plaintiff and Appellant,**

v.

**ASCENT CONSTRUCTION, INC.; and**
**South Davis Metro Fire Agency,**
**Defendants and Appellees.**

**No. 20110283–CA.**

Court of Appeals of Utah.

July 8, 2011.

---

Lisa R. Petersen and Kimberley L. Hansen, Salt Lake City, for Appellant.

Michael R. Carlston, Keith A. Call, and Levi J. Clegg, Salt Lake City, for Appellees.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶1 D.G. Johnson Trucking, Inc. appeals from the district court's February 25, 2011, ruling and order. This matter is before the court on Ascent Construction, Inc.'s motion for summary disposition. Ascent asserts that this court lacks jurisdiction because the order is not final for purposes of appeal.

¶2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt,* 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties").

¶3 The order entered by the district court is not a final order because it does not dispose of all issues in the litigation. Specifically, the February 25, 2011 order states that Ascent's counterclaim for breach of contract against D.G. Johnson remains to be resolved by the district court. Thus, the February 25, 2011 order did not finally resolve all issues in the litigation. Accordingly, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo,* 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.