2011 UT App 243

## Mitch TOMLINSON, Plaintiff and Appellant,

v.

## Dr. Mitchell RUDD, Defendant and Appellee.

No. 20110311–CA.

Court of Appeals of Utah.

July 29, 2011.

Mitch Tomlinson, Salt Lake City, Appellant Pro Se.

David G. Williams, Terence L. Rooney, and Christopher W. Droubay, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and VOROS.

### DECISION

PER CURIAM:

¶ 1 Mitch Tomlinson appeals from the district court's February 23, 2011 minute entry denying his motion for reconsideration. This matter is before the court on its own motion for summary disposition based upon lack of jurisdiction due to the absence of a final, appealable order.[1]

¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt,* 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties").

¶ 3 The order and judgment entered by the district court is not a final order, because it does not dispose of all issues in the litigation. Specifically, Rudd filed a counterclaim against Tomlinson that has not yet been resolved by the district court. Thus, neither the November 15, 2010 order granting Rudd's motion for summary judgment nor the February 23, 2011 order denying Tomlin-

---

1. Mitchell Rudd filed a motion for summary disposition arguing that Tomlinson's notice of appeal was untimely. However, the motion acknowledged that Rudd's counterclaim is still pending before the district court. As such, Rudd recognized that the district court's order may not be a final order for purposes of appeal.

son's motion for reconsideration resolved all issues in the litigation. Accordingly, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo,* 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.