2011 UT App 312

### RONALD McDONALD HOUSE CHARITIES OF INTERMOUNTAIN AREA, INC., Plaintiff and Appellee,

v.

### Gregory HOLGERSON and PHROG, Inc., Defendants and Appellant.

### No. 20110585–CA.

Court of Appeals of Utah.

Sept. 9, 2011.

Gregory Holgerson, Pocatello, Idaho, Appellant Pro Se.

Before Judges ORME, VOROS, and ROTH.

### DECISION

PER CURIAM:

¶ 1 This case is before the court on a document entitled Notice and Demand: Writ of Error Coram Nobis/Demand for Dismissal for Lack of Jurisdiction, which was filed within this appeal. We dismiss the appeal for lack of jurisdiction.

¶ 2 The underlying civil complaint was filed by Plaintiff Ronald McDonald House Charities to recover damages for alleged breach of a lease agreement. After the complaint was served, Defendant Gregory Holgerson moved to Idaho. After locating Holgerson in Pocatello, Ronald McDonald House accomplished personal service of the first amended complaint in April 2011. On April 25, 2011, Holgerson filed a document in the district court captioned Notice and Demand: Writ of Error Coram Nobis/ Demand for Dismissal for Lack of Jurisdiction in which he argued that the Third District Court was a foreign state, Holgerson was not a corporation, and Holgerson was immune from suit under the Eleventh Amendment. He sought dismissal of the case. In a June 6, 2011 ruling, the district court denied the request for dismissal and ordered Holgerson to answer the complaint within twenty days. On June 28, 2011, Holgerson filed two documents in the district court: an Appeal, which was certified and transmitted by the district court to the appellate courts, and a Notice and Demand: Writ of Error Coram Nobis/Demand for Dismissal for Lack of Jurisdiction. In sum, those documents challenged the jurisdiction of the district court. In this appeal, Holgerson filed a document captioned Appeal that is essentially identical to the Appeal filed in the district court, as well as another Notice and Demand: Writ of Error Coram Nobis/ Demand for Dismissal for Lack of Jurisdiction.

¶ 3 Holgerson seeks an order from this court dismissing the district court case against him. However, we lack jurisdiction over the direct appeal because it is taken from an interlocutory ruling, which denied a request for dismissal and required Holgerson to file an answer to the complaint in the pending district court case. Rule 3(a) of the Utah Rules of Appellate Procedure states that "[a]n appeal may be taken from a district ... court to the appellate court with jurisdiction over the appeal from all final orders and judgments." Utah R.App. P. 3(a). An order is final and appealable when it disposes of all of the claims against all parties on the merits. *See id.* ¶ 9; *see also Loffredo v. Holt,* 2001 UT 97, ¶ 12, 37 P.3d 1070; *Houston v. Intermountain Health Care,* 933 P.2d 403, 406 (Utah Ct.App.1997)

("Generally, a judgment is not a final, appealable order if it does not dispose of all the claims in a case, including counterclaims."). An appeal taken from an order that is not final must be dismissed for lack of appellate jurisdiction. *See Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649. To the extent that Holgerson seeks to directly appeal the order denying his request for dismissal and requiring an answer to the complaint filed in the pending civil suit in the district court, we lack jurisdiction over the appeal.

¶ 4 Even if the notice and demand were liberally construed as a petition for extraordinary relief, it must be denied. It was filed within a pending appeal and not as a separate proceeding under rule 19 of the Utah Rules of Appellate Procedure. It fails to invoke or comply with rule 19. A petition for extraordinary relief must fully comply with rule 19 of the Utah Rules of Appellate Procedure, be appropriately served on the named respondents, and be accompanied by a filing fee. Furthermore, if the subject of the petition is an interlocutory order, a petition must "state whether a petition for interlocutory appeal has been filed and, if so, summarize its status or, if not, state why interlocutory appeal is not a plain, speedy or adequate remedy." Utah R.App. P. 19(b)(10). Based upon the failure to comply with any requirement of rule 19, we do not construe the notice and demand as a petition seeking extraordinary relief.

¶ 5 We dismiss this appeal for lack of jurisdiction without prejudice to a timely appeal filed after the entry of a final appealable judgment fully resolving the underlying case. We emphasize that our dismissal is limited to this appeal and has no effect whatsoever on the civil lawsuit against Holgerson and PHROG Inc., which remains pending in the Third District Court.