2011 UT App 314

**HOME LOAN INVESTMENT BANK, Plaintiff and Appellee,**

v.

**Robert G. YOUNG, and Stacy L. Christensen, Defendants and Appellant.**

**No. 20110552–CA.**

Court of Appeals of Utah.

Sept. 15, 2011.

Robert G. Young, Salt Lake City, Appellant Pro Se.

Shawn H. Robinson, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Robert G. Young appeals the district court's May 19, 2011 order denying his motion to set aside a judgment. This matter is

before the court on its own motion for summary disposition based upon lack of jurisdiction due to the absence of a final, appealable order.[1]

¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule, such as certification under rule 54(b) of the Utah Rules of Civil Procedure. *See Loffredo v. Holt,* 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties").

¶ 3 The order entered by the district court is not a final order because it does not dispose of all claims against all parties in the litigation. Specifically, the original judgment against Stacy L. Christensen was set aside by the district court. The record demonstrates that the claims asserted against Christensen have not yet been resolved by the district court. Thus, because the claims asserted against Christensen remain unresolved, the May 19, 2011 order was not a final, appealable order. Accordingly, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo,* 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.

---

1. Home Loan Investment Bank filed a motion for summary disposition on the basis that this court lacks jurisdiction because Young failed to file a timely notice of appeal. However, because claims still remain against Stacy L. Christensen, the May 19, 2011 order is not final for purposes of appeal.