2011 UT App 384

### Renee C. MAXFIELD, Petitioner and Appellee,

v.

### Mark S. MAXFIELD, Respondent and Appellant.

### No. 20110752–CA.

Court of Appeals of Utah.

Nov. 10, 2011.

Don M. Torgerson and Samuel P. Chiara, Price, for Appellant.

Travis H. Blackburn, Huntington, for Appellee.

Before Judges McHUGH, ROTH, and CHRISTIANSEN.

---

DECISION

PER CURIAM:

¶ 1 Mark S. Maxfield appeals the district court's August 8, 2011 order setting aside a July 7, 2010 Decree of Divorce. The matter is before the court on a sua sponte motion for summary disposition on the basis that this court lacks jurisdiction because the appeal is not taken from a final, appealable order.

¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule, such as certification under rule 54(b) of the Utah Rules of Civil Procedure. *See Loffredo v. Holt,* 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties").

¶ 3 The order entered by the district court is not a final order. An order granting a rule 60(b) motion that sets aside a judgment is not a final, appealable order if the order contemplates further proceedings in the district court. *See Sittner v. Schriever,* 2000 UT 45, ¶ 22, 2 P.3d 442. Here, the district court did not contemporaneously enter a new judgment. Accordingly, the order is not a final, appealable order because it does not dispose of all claims against all parties in the litigation. Thus, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo,* 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.