IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Steven Gregory Shores, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20110905-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (January 6, 2012) |
| Darlene Joy Dantine, | ) | |
| | ) | 2012 UT App 7 |
| Respondent and Appellant. | ) | |

-----

Third District, Salt Lake Department, 110908241
The Honorable Deno G. Himonas

Attorneys:    Darlene Joy Dantine, Salt Lake City, Appellant Pro Se
          Steve S. Christensen and Craig L. Pankratz, Salt Lake City, for Appellee

-----

Before Judges McHugh, Orme, and Thorne.

¶1     Respondent Darlene Joy Dantine filed this appeal from a September 7, 2011 civil stalking injunction entered against her. This case is before the court on a motion for summary disposition filed by Petitioner Steven Gregory Shores. Dantine did not respond to that motion.

¶2     Shores obtained an ex parte civil stalking injunction against Dantine, who requested a hearing pursuant to Utah Code section 77-3a-101(6). *See* Utah Code Ann. § 77-3a-101(6) (2008) (allowing the respondent to request an evidentiary hearing on a civil stalking injunction within ten days after service). At a hearing held on September 7, 2011, the district court entered a modified civil stalking injunction. *See id.* § 77-3a-101(7). On September 27, 2011, Shores filed and served a motion for an award of attorney fees and costs under Utah Code section 77-3a-101(16). *See id.* § 77-3a-101(16)

("After a hearing with notice to the affected party, the court may enter an order requiring any party to pay the costs of the action, including reasonable attorney fees."). While the request for attorney fees was pending, Dantine filed a notice of appeal on October 4, 2011. Following a hearing held on November 22, 2011, the district court made an award of attorney fees to Shores in the action.

¶3     Shores moves for dismissal of the appeal because it is not taken from a final appealable order. "[T]o be considered a final order, the trial court's decision must dispose of the claims of all parties." *Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070. "A judgment is not final if the trial court has failed to determine whether attorney fees should be awarded." *Id.*  In *Loffredo v. Holt*, the Utah Supreme Court stressed "that the final judgment rule does not stand for the proposition that the lower court need only resolve the majority of the claims for us to entertain the case." *Id.* ¶ 14. "Rather, it requires that all claims, including requests for attorney fees, be decided in order for a decision to be appropriately appealed to this court." *Id.*  Because Dantine's appeal was not taken from a final order, we lack jurisdiction to consider it on the merits.

¶4     Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).  We dismiss the appeal for lack of jurisdiction, without prejudice to a timely notice of appeal filed after the entry of the final judgment.[1]

_____
Carolyn B. McHugh,
Presiding Judge


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge

_____

1.  While the time for appeal expired on December 22, 2011, the time for making a motion in the district court to extend the time for appeal under rule 4(e) of the Utah Rules of Appellate Procedure expires on January 23, 2012.  *See* Utah R. App. P. 4(e).