IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Ray L. Kimber, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20111076-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Herefordshire Condominium | ) | (February 16, 2012) |
| Association, a Utah non-profit | ) | |
| corporation; C. Brent Greenwood, | ) | 2012 UT App 38 |
| president, Board of Directors; | ) | |
| Jerry L. Walters, director; Lafayette | ) | |
| Ernest "Bud" Carnahan, director; Janice | ) | |
| White Carnahan, secretary; L. Douglas | ) | |
| Zollinger, director; and G. James | ) | |
| Petteys, director; | ) | |
| | ) | |
| Defendants and Appellees. | ) | |

-----

Second District, Ogden Department, 100902228
The Honorable W. Brent West

Attorneys:    John M. Webster and Matthew A. Bartlett, Riverdale, for Appellant

-----

Before Judges Orme, Thorne, and Christiansen.

¶1     Ray L. Kimber seeks to appeal the trial court's order dismissing his complaint. This matter is before the court on its own motion for summary disposition based on a lack of jurisdiction due to the absence of a final order.

¶2      Generally, an appeal may be taken only from a final order or judgment. *See* Utah R. App. P. 3(a); *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. For an order to be final, it must dispose of the subject matter of the case, leaving nothing else for decision. *See Bradbury*, 2000 UT 50, ¶ 9. "A judgment is not final if the trial court has failed to determine whether attorney fees should be awarded." *Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070. An appeal is improper if not taken from a final order or judgment. *See Bradbury*, 2000 UT 50, ¶ 9. Where an appeal is not properly taken, this court lacks jurisdiction and must dismiss it. *See id.* ¶ 8.

¶3      In this case, the trial court granted Appellees' motion to dismiss Kimber's complaint but specifically reserved the determination of attorney fees for a later hearing. As a result, the order is not final for purposes of appeal. *See Loffredo*, 2001 UT 97, ¶ 12. In the absence of a final appealable order, this court lacks jurisdiction and must dismiss the case. *See id.* ¶ 11.

¶4      Accordingly, this appeal is dismissed without prejudice to the timely filing of a notice of appeal after the entry of a final order.

_____
Gregory K. Orme, Judge

_____
William A. Thorne Jr., Judge

_____
Michele M. Christiansen, Judge