IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Jason Cody, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20111000-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| John Blair Hutchison; and | ) | (March 1, 2012) |
| Hutchison and Neider PC, | ) | |
| | ) | 2012 UT App 63 |
| Defendants and Appellee. | ) | |

-----

Second District, Ogden Department, 110902684
The Honorable Michael D. DiReda

Attorneys:     Jason Cody, Ogden, Appellant Pro Se

-----

Before Judges McHugh, Voros, and Orme.

¶1     Jason Cody appeals the ruling granting an order to quash service and dismissing John Blair Hutchison from the case without prejudice. This case is before the court on a sua sponte motion to dismiss the appeal without prejudice because it is not taken from a final appealable judgment.

¶2     Cody filed a complaint against John Blair Hutchison, individually, and against Hutchison and Neider PC. Hutchison and Neider PC was served and filed an answer to the complaint. John Blair Hutchison moved to quash service. In its ruling granting the motion to quash service, the district court dismissed the case against John Blair Hutchison individually without prejudice. However, the case remains pending in the district court against the remaining named defendant, Hutchison and Neider PC.[1]

---

1. The district court declined to rule on Cody's motion to reconsider the ruling dismissing Hutchison from the case because Cody had filed a notice of appeal. Based upon our dismissal of this appeal for lack of a final appealable order, the district court is

(continued...)

¶3      The ruling being appealed is not a final, appealable order because the complaint is pending in the district court against the remaining defendant, Hutchison and Neider PC. Rule 3(a) of the Utah Rules of Appellate Procedure states that "[a]n appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments." Utah R. App. P. 3(a). An order is final and appealable when it disposes of the case as to all of the parties and disposes of the subject matter of the litigation on the merits. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649; *see also Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070; *Houston v. Intermountain Health Care*, 933 P.2d 403, 406 (Utah Ct. App. 1997) ("Generally, a judgment is not a final, appealable order if it does not dispose of all the claims in a case, including counterclaims."). An appeal taken from an order that is not final must be dismissed for lack of appellate jurisdiction. *See Bradbury*, *id.* at ¶ 8; *see also Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989) (stating that once a court determines that it lacks jurisdiction, it "retains only the authority to dismiss the action").

¶4      Because the appeal is not taken from a final, appealable judgment, we dismiss the appeal without prejudice to a timely appeal filed after the entry of a final judgment.

_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge

_____

1. (...continued)
free to consider the motion to reconsider its ruling after remand of this case. *See* Utah R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); *Gillett v. Price*, 2006 UT 24, ¶ 7 n.2, 135 P.3d 861 (stating that a motion to reconsider that is filed before final judgment is a reargument that the district court "is free to consider any time before entering the final judgment").