2012 UT App 87

Dorothy WOODRUFF, Petitioner and Appellee,

v.

Myron Abbott WOODRUFF III, Respondent and Appellant.

No. 20110942–CA.

Court of Appeals of Utah.

March 29, 2012.

James K. Slavens, Nephi, for Appellant.

Randy S. Kester, Provo, for Appellee.

Before Judges VOROS, ORME, and ROTH.

DECISION

PER CURIAM:

¶ 1 Myron Abbott Woodruff III seeks review of the district court's Findings of Fact and Conclusions of Law, entered on September 11, 2011. This matter is before the court on its own motion for summary disposition on the basis that this court lacks jurisdiction because there is no final, appealable order.

¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt,* 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer .than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties").

¶ 3 The document entitled Findings of Fact and Conclusions of Law entered by the district court is not a final order because it does not dispose of all issues in the litigation. The Findings of Fact and Conclusions of Law directed Dorothy Woodruff's counsel to incorporate such findings and conclusions into a decree of divorce. No decree of divorce has been entered by the district court. Thus, the September 11, 2011 Findings of Fact and Conclusions of Law did not finally resolve all issues in the litigation. Accordingly, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo,* 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.