IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| David A. Green, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20111123-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (April 5, 2012) |
| Charmaine G. Green, | ) | |
| | ) | 2012 UT App 104 |
| Respondent and Appellant. | ) | |

-----

Third District, Salt Lake Department, 094900220
The Honorable Tyrone E. Medley

Attorneys:     Charmaine G. Green, West Jordan, Appellant Pro Se
              Thomas J. Horgos, Pennsylvania Furnace, Pennsylvania, for Appellee

-----

Before Judges Voros, Orme, and Roth.

¶1     Charmaine G. Green appeals from the district court's November 23, 2011 minute entry granting in part and denying in part Ms. Green's objections to the Supplemental Decree of Divorce. This matter is before the court on its own motion for summary disposition on the basis that this court lacks jurisdiction due to the absence of a final, appealable order.

¶2     This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." Utah R. Civ. P. 54(b). Further, "[a] judgment is complete and shall be deemed entered for all purposes" when it is "signed by the judge and filed with the clerk." *Id.* R. 58A(b)–(c).

¶3     The November 23, 2011 minute entry states as follows:

> This signed Minute Entry Decision shall constitute the Order
> of the Court resolving the matters referenced herein, no
> further Order is required.  By this reference this Order is
> incorporated into the Supplement Decree of Divorce.  The
> Supplemental Decree of Divorce is hereby signed and
> entered, counsel and parties should govern themselves
> accordingly.

Thus, the district court never signed the actual Supplemental Decree of Divorce; instead it attempted to incorporate the minute entry into the Supplemental Decree of Divorce and sign and enter such decree by reference.  There is no provision in the Utah Rules of Civil Procedure that allows a district court to sign a final judgment by reference in a minute entry.  In fact, the rules disapprove of the converse, i.e., "unless otherwise directed by the court, a judgment shall not include any matter by reference."  Utah R. Civ. P. 54(a).  If a judgment should not include any matter by reference, a district court should certainly not be able to incorporate, sign, and enter a judgment by reference in a minute entry.  As such, because the Supplemental Decree of Divorce has not yet been signed by the district court and entered, a final judgment has yet to be entered in this matter.  *See* Utah R. Civ. P. 58A(b)-(c).  Accordingly, this court lacks jurisdiction to hear this appeal.  When this court lacks jurisdiction, it must dismiss the appeal.  *See Loffredo*, 2001 UT 97, ¶ 11.

¶4     The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge


_____
Stephen L. Roth, Judge