IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Deseret First Federal Credit Union, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120110-CA |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | F I L E D |
| Jerry W. Parkin, Successor Trustee | ) | (May 10, 2012) |
| of the Wilma G. Parkin Family | ) | |
| Protection Trust; and Escrow Specialists, | ) | |
| Inc., | ) | 2012 UT App 140 |
| | ) | |
| Defendants and Appellee. | ) | |
| _____ | ) | |
| | ) | |
| George K. Fadel, | ) | |
| | ) | |
| Appellant. | ) | |

-----

Second District, Farmington Department, 090700605
The Honorable David R. Hamilton

Attorneys:     George K. Fadel, Bountiful, Attorney Appellant Pro Se
               David J. Shaffer, Bountiful, for Appellee Jerry W. Parkin, Successor
               Trustee of the Wilma G. Parkin Family Protection Trust
               Wallace O. Felsted and Gregory S. Moesinger, Salt Lake City, for
               Appellee Deseret First Federal Credit Union

-----

Before Judges Orme, Thorne, and Roth.

¶1 George K. Fadel filed a notice of appeal on his own behalf and purportedly on behalf of Jerry W. Parkin, Successor Trustee of the Wilma G. Parkin Family Protection Trust (Parkin). This matter is before the court on motions for summary disposition filed by Deseret First Federal Credit Union and Parkin.

¶2 On January 26, 2012, the district court issued a minute entry stating that Fadel was no longer counsel for Parkin and "has no current basis to submit pleadings on behalf of the defendants." Accordingly, Fadel had no right to file a notice of appeal on behalf of Parkin on February 7, 2012. As a result, the notice of appeal filed on behalf of Parkin was ineffectual in invoking the jurisdiction of this court.

¶3 To the extent Fadel has filed a notice of appeal on his own behalf, this court lacks jurisdiction to consider the appeal because there is no final, appealable order as it relates to Fadel. This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." Utah R. Civ. P. 54(b).

¶4 A motion for sanctions against Fadel is currently pending in the district court. In the January 26, 2012 ruling the district court stated that it would consider the motion and ordered Fadel to file a response to the motion. Thus, to the extent that Fadel filed the notice of appeal on his own behalf, there remain issues for the district court to resolve. Accordingly, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo*, 2001 UT 97, ¶ 11.

¶5 Both Deseret First and Parkin have requested attorney fees in this matter under rule 33 of the Utah Rules of Appellate Procedure. The district court has not yet issued any ruling on Deseret First's request for sanctions based upon Fadel filing papers in the district court on behalf of Parkin. If the district court determines that Fadel violated rule 11 of the Utah Rules of Civil Procedure, then the district court may also award attorney fees incurred by Deseret First and Parkin associated with responding to this appeal.

¶6      The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge