**2017 UT App 209**

THE UTAH COURT OF APPEALS

MELVIN MCQUARRIE,
Appellant,
*v.*
JANETTE COLLEDGE MCQUARRIE,
Appellee.

Per Curiam Opinion
No. 20170720-CA
Filed November 16, 2017

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 084904419

James A. McIntyre and Richard R. Golden, Attorneys
for Appellant

Douglas B. Thayer, Andrew V. Wright, and Cole L.
Bingham, Attorneys for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1 Melvin McQuarrie (Husband) appeals the August 9, 2017 order dismissing the parties' respective petitions to modify their divorce decree. This matter is before the court on Janette Colledge McQuarrie's (Wife) motion for summary disposition based upon lack of jurisdiction due to the absence of a final, appealable order. Specifically, she argues that the August 9, 2017 order is not final because it awarded Wife attorney fees in an amount to be determined at a later date.

¶2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is

final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (citation and internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b).

¶3    Wife argues that the August 9, 2017 order is not final because the issue of attorney fees has not fully been resolved. *See ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d. 254 ("[A] trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for the purposes of an appeal under Utah Rule of Appellate Procedure 3."). Husband responds that *ProMax* was effectively overruled by a recent amendment to rule 58A of the Utah Rules of Civil Procedure. Specifically, rule 58A(f) states: "A motion or claim for attorney fees does not affect the finality of a judgment for any purpose, but under Rule of Appellate Procedure 4, the time in which to file the notice of appeal runs from the disposition of the motion or claim." Utah R. Civ. P. 58A(f). The advisory committee note to the rule states that the changes to the rule "are part of a coordinated effort to . . . change the effect of a motion for attorney fees on the appealability of a judgment. The combined amendments of this rule and Rule of Appellate Procedure 4 effectively overturn *ProMax Development Corp. v. Raile*, 2000 UT 4, 998 P.2d 254." *Id.* R. 58A advisory committee note.

¶4    Contrary to Husband's arguments, the changes in rule 58A did not affect the appealability of the order in this case. Rule 4(b)(1)(F) of the Utah Rules of Appellate Procedure states: "If a party timely files in the trial court any of the following, the time for all the parties to appeal from the judgment runs from the entry of the dispositive order: . . . a motion or claim for attorney fees under rule 73 of the Utah Rules of Civil Procedure." Utah R. App. P. 4(b)(1)(F). Rule 73, like rule 4(b), is addressed to post-judgment motions. *See* Utah R. Civ. P. 73(b)(1) ("The motion must: . . . specify the judgment and the statute, rule, contract, or other basis entitling the party to the award . . . ."). Under subsection 4(b)(2), if a notice of appeal is filed after entry of a

judgment but before entry of an order resolving the post-judgment motion for attorney fees, then the notice of appeal will relate forward to the date the motion for attorney fees is resolved. *See* Utah Rule App. P. 4(b)(2). However, rule 4(b)(1)(F) is not applicable to this case because no post-judgment motion for attorney fees was ever filed. In its August 9, 2017 order, the district court awarded attorney fees in an amount to be determined at a later date. Thus, the order, by its own terms, contemplated additional actions by the parties in order to resolve issues still in dispute. Accordingly, because rule 4(b)(1)(F) applies only to post-judgment motions for attorney fees and no such motion was filed in this case, traditional case law concerning the finality of judgment for purposes of appeal still applies.

¶5     Rule 58A(f) of the Utah Rules of Civil Procedure does not alter this court's analysis. While rule 58A(f) does not reference rule 73 of the Utah Rules of Civil Procedure, it mirrors the language of rule 4(b)(1)(F) of the Utah Rules of Appellate Procedure in stating that a "motion or claim for attorney fees" does not affect the finality of a judgment. *Compare* Utah R. Civ. P. 58A(f) *with* Utah R. App. P. 4(b)(1)(F). Rule 58A(f) expressly references rule 4 of the Rules of Appellate Procedure for determining the "time in which to file the notice of appeal." Utah R. Civ. P. 58A(f). As noted above, rule 4(b)(1)(F) sets forth the time to file a notice of appeal only when a post-judgment motion for attorney fees has been filed. Thus, it is clear that rule 58A(f) is meant to address those situations in which a party files a motion for attorney fees *after* entry of a judgment that otherwise would be final for purposes of appeal.[1] It does not

---

1. The advisory committee note to rule 58A also supports this conclusion. The note specifically states that the rule, in connection with changes to rule 4 of the Utah Rules of Appellate Procedure, is meant to "change the effect of *a motion for attorney fees* on the appealability of a judgment." Utah R. Civ. P. 58A advisory committee note (emphasis added). The advisory

(continued…)

affect the appealability issue in this case in which the district court's order was never final because it contemplated additional actions by the parties.[2]

¶6     Accordingly, because the August 9, 2017 order was not final for purposes of appeal this court lacks jurisdiction to hear the appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo*, 2001 UT 97, ¶ 11. The appeal is, therefore, dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.

_____

(…continued)
committee note makes no mention of district court orders that themselves contain language awarding attorney fees but that defer determination of the amount.

2. We address the rules only as they relate to the issue of finality for purposes of appeal. We do not address whether the new rules impact the issue of finality as it relates to the enforceability of a judgment.