2026 UT App 46

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
WILLIE JAMES HERMAN,
Appellant.

Per Curiam Opinion
No. 20251423-CA
Filed April 2, 2026

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 251910307

Zachary Powell, Attorney for Appellant

Derek E. Brown and Michael Palumbo,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS,
and AMY J. OLIVER.

PER CURIAM:

¶1     Willie James Herman appeals a pretrial status order that afforded him the opportunity for pretrial release, but with conditions. In particular, he challenges the district court's decision to set bail in the amount of $20,000. The State argues that this court lacks jurisdiction because the target order is not appealable at this point in the proceedings. We agree with the State and dismiss Herman's appeal.

¶2     After Herman was arraigned on attempted rape charges, his attorney filed a request for a bail hearing. At that hearing, the State asked that bail be set in the amount of $20,000, noting Herman's extensive criminal record and history of failing to appear in other criminal matters. For his part, Herman argued

that he should be "release[d] on his own recognizance" but be required to "check in with his probation" officer. The district court issued a pretrial status order denying Herman's request to be released on his own recognizance but affording Herman the opportunity for conditional pretrial release and setting bail in the amount of $20,000. However, the court informed Herman that it would reconsider its decision if Herman were to submit information indicating that there was a bed for him in an inpatient treatment facility. Herman challenges that pretrial status order.

¶3     Generally, this court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally disposes of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (cleaned up). A pretrial status order, by definition, does not end the controversy between the parties, and is therefore not a final judgment or order. However, our legislature has created a statutory right to immediately appeal certain orders, and two related statutes are at issue here.

¶4     One of those statutes states that "[a] defendant may, as a matter of right, appeal from . . . an order denying bail." Utah Code § 77-18a-1(1)(d). And the other statute states that, "[i]f a magistrate or judge issues a pretrial status order that orders the individual be detained during the time the individual awaits trial or other resolution of criminal charges, the individual has the right to an expedited appeal of the pretrial status order." *Id.* § 77-20-209. Herman contends that this second statute (referred to herein as Section 209) gives him the right to immediately appeal his pretrial status order. He takes the position that Section 209 allows defendants to immediately appeal not only orders denying bail entirely but also orders allowing for conditional release. In essence, he argues that Section 209 allows for immediate appeal of any pretrial status order *except* orders of unconditional release

(for instance, on his or her own recognizance). The State, on the other hand, asserts that these statutes apply only to orders denying bail entirely, and that they do not allow for immediate appeal of orders that allow for pretrial release with conditions, including financial conditions like bail.

¶5      At first blush, each party's interpretation of the statutes appears supportable. However, the statutory provisions at issue must be read "in harmony with other provisions in the same statute and with other [related] statutes." *State v. Moreno*, 2009 UT 15, ¶ 10, 203 P.3d 1000 (cleaned up). "In essence, statutes should be construed so that no part or provision will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another." *State v. Jeffries*, 2009 UT 57, ¶ 9, 217 P.3d 265 (cleaned up).

¶6      Utah's bail statute defines the phrase "pretrial status order" as used in Section 209. Under that definition, a "pretrial status order" is an order issued by a magistrate or judge that

> (a) releases the individual on the individual's own recognizance while the individual awaits trial or other resolution of criminal charges;
>
> (b) sets the terms and conditions of the individual's pretrial release while the individual awaits trial or other resolution of criminal charges; or
>
> (c) denies pretrial release and orders that the individual be detained while the individual awaits trial or other resolution of criminal charges.

Utah Code § 77-20-102(18). These same three options are also delineated in the statutory provision (referred to herein as Section 205) that tells judges and magistrates what their options are when issuing a pretrial status order; that provision states as follows:

When a magistrate or judge issues a pretrial status order, the pretrial status order shall:

(i) release the individual on the individual's own recognizance during the time the individual awaits trial or other resolution of criminal charges;

(ii) designate a condition, or a combination of conditions, to be imposed upon the individual's release during the time the individual awaits trial or other resolution of criminal charges; or

(iii) subject to the requirements of Subsection (10), order the individual to be detained during the time that individual awaits trial or other resolution of criminal charges.

*Id.* § 77-20-205(3)(a); *see also State v. Harris*, 2025 UT 48, ¶ 20 (stating that a magistrate or judge may select one of three statutory options in determining a defendant's pretrial status while the defendant "awaits trial or other resolution of criminal charges"). Section 205 goes on, in a subsequent subsection, to list a number of "condition[s], or combination of conditions" that a magistrate or judge "may impose . . . for pretrial release," and this list includes financial conditions. Utah Code § 77-20-205(5)(t).

¶7　　After considering Section 209 in tandem with Section 205 and with the statutory definition of "pretrial status order," we conclude that the State's interpretation of the relevant statutes is the stronger one. Section 209 allows immediate appeals of pretrial status orders only when the magistrate or judge "orders the individual be detained during the time the individual awaits trial or other resolution of criminal charges." *Id.* § 77-20-209. This language tracks directly with the third option referenced in both Section 205, which sets forth a court's options in issuing a pretrial status order, *see id.* § 77-20-205(3)(a), and in the statutory

definition of "pretrial status order," *see id.* § 77-20-102(18). We assume, of course, that our legislature used this matching language purposely. *See Bagley v. Bagley*, 2016 UT 48, ¶ 10, 387 P.3d 1000 (stating that courts must "presume that the legislature used each word advisedly" (cleaned up)). As we read the statutes together, Section 209 allows immediate appeals of pretrial detention orders that meet the criteria in the third option set forth in Section 205 and in the statutory definition of "pretrial status order." And because orders of conditional release are included in the *second* option set forth in both Section 205 and the statutory definition, they are not included in the third option set forth in those same statutory provisions. Stated another way, Section 209 allows for immediate appeal only of orders that do not allow for conditional release and that compel a defendant to remain detained without the opportunity for pretrial release. And notably, this interpretation also matches up with the other bail-appeal statute, which quite clearly states that a defendant may only immediately appeal "an order denying bail." Utah Code § 77-18a-1(1)(d).

¶8    In this case, the court decided not to deny Herman the opportunity for pretrial release but, instead, opted to set terms and conditions on his release. Specifically, the court imposed a financial condition upon Herman's release—the payment of a $20,000 bond. Thus, the court's order was not one that ordered Herman detained without the opportunity for pretrial release. Accordingly, Section 209 does not provide Herman the right to immediately appeal from that order. Thus, this court lacks jurisdiction to hear this appeal and must dismiss it. *See Loffredo v. Holt*, 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶9    Accordingly, Herman's appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order or one that is immediately appealable by statutory right.

———————