2012 UT App 77

**Jeffrey KIRK, Petitioner and Appellant,**

v.

**Gail KIRK, Respondent and Appellee.**

No. 20120028–CA.

Court of Appeals of Utah.

March 22, 2012.

Jeffrey Kirk, Draper, Appellant Pro Se.

Gail Kirk, Draper, Appellee Pro Se.

Before Judges McHUGH, VOROS, and ORME.

DECISION

PER CURIAM:

¶ 1 Jeffrey Kirk appeals the district court's January 4, 2012 order. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. Indeed, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8. For an order to be a final, appealable order, the order must dispose of all parties or claims to an action. *See id.* ¶ 9. The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court properly certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶ 12.

¶ 3 The January 4, 2012 order set aside the district court's prior order granting summary judgment. Because the order granting summary judgment was set aside, the order does not dispose of all parties or claims to the action. *See id.* ¶ 9. Thus, the order is not final for purposes of appeal, and this court lacks jurisdiction to consider the appeal. *See Bradbury*, 2000 UT 50, ¶ 15, 5 P.3d 649. When this court lacks jurisdiction, we retain only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 4 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order. Appellee's request for sanctions is denied.