IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Gail Kirk, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20120255-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (June 1, 2012) |
| Jeffrey Kirk, | ) | |
| | ) | 2012 UT App 160 |
| Respondent and Appellant. | ) | |

-----

Third District, Salt Lake Department, 044904040
The Honorable Paul G. Maughan

Attorneys:    Jeffrey Kirk, Draper, Appellant Pro Se
              Gail Kirk, Draper, Appellee Pro Se

-----

Before Judges Davis, Thorne, and Roth.

¶1    This case is before the court on a sua sponte motion for summary disposition for lack of jurisdiction. On March 22, 2012, we dismissed Jeffrey Kirk's (Husband) appeal from a January 4, 2012 order that set aside an order granting him summary judgment. *See Kirk v. Kirk*, 2012 UT App 77, 274 P.3d 1024 (per curiam). On February 17, 2012, Husband filed a "second" or "amended" notice of appeal, in which he appealed the January 19, 2012 Order on Minute Entry from Hearing Held December 20, 2011. That order denied Husband's motion to alter or amend an earlier order that had allowed Gail Kirk (Wife) to amend or withdraw admissions and to file responses to Husband's requests for admission and an interrogatory. The summary judgment was based upon the matters that were deemed admitted due to Wife's failure to respond to discovery requests. We dismiss this appeal for lack of jurisdiction because it also is not taken from a final appealable order.

¶2     Husband argues that because the now-vacated summary judgment granting his petition to modify the divorce decree by eliminating his obligation to pay alimony would have been a final, appealable judgment, orders vacating summary judgment and allowing Wife to file responses to requests for admission and an interrogatory are also final and appealable. The claim lacks merit. We previously dismissed Husband's appeal from the order vacating summary judgment. As a result of the district court's orders vacating both the summary judgment and the related order deeming matters addressed in the requests for admission to be admitted by Wife, Husband's petition to modify was reinstated and is pending before the district court. In fact, on March 7, 2012, the Commissioner certified the underlying case for trial on Husband's petition to modify filed on April 21, 2009, as well as on additional matters.

¶3     We lack jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. For an order to be final and appealable, it must dispose of the parties and claims in the case. *See id*. ¶ 8. Husband's petition to modify and related claims remain pending in the district court. The January 19, 2012 order denying Husband's motion to alter or amend an order allowing Wife to withdraw and amend her responses to the requests for admission and an interrogatory, which formed the basis for the order vacating the summary judgment, is not final and appealable. Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989). Accordingly, we dismiss this appeal for lack of jurisdiction. We deny Wife's request for an award of sanctions pursuant to rule 33 of the Utah Rules of Appellate Procedure. Our denial is without prejudice to consideration of a request for sanctions made by appropriate motion filed in the district court.


_____

James Z. Davis, Judge


_____

William A. Thorne Jr., Judge


_____

Stephen L. Roth, Judge