2013 UT App 2

# THE UTAH COURT OF APPEALS

JEREMY ZIEGENBUSCH,

*Plaintiff and Appellant,*

*v.*

WESTMINSTER COLLEGE,

*Defendant and Appellee.*

Per Curiam Decision
No. 20120946-CA
Filed January 4, 2013

Third District, West Jordan Department
The Honorable Andrew H. Stone
No. 090415154

Loren M. Lambert, Attorney for Appellant
Robert H. Wilde, Bruce M. Franson, and Michael S. Wilde,
Attorneys for Appellee

Before JUDGES ORME, DAVIS, and CHRISTIANSEN.

PER CURIAM:

¶1      Jeremy Ziegenbusch appeals the entry of judgment against him. This is before the court on Westminster College's (Westminster) motion for summary disposition asserting that this court lacks jurisdiction due to an untimely notice of appeal.

¶2      Ziegenbusch filed his first notice of appeal in October 2011, after the trial court granted summary judgment in favor of Westminster and dismissed Ziegenbusch's claims. At that time, Westminster's counterclaim remained pending. The counterclaim was put at issue before the trial court in mid-2012. After a hearing,

the trial court granted summary judgment in favor of Westminster on its counterclaim. The final order on the counterclaim, the sole remaining issue between the parties, was entered on August 10, 2012. Ziegenbusch filed a second notice of appeal, captioned as a "renewal of notice of appeal," on September 28, 2012.

¶3    The issue before the court is whether either of the two notices of appeal filed in this case properly invokes this court's jurisdiction. We determine that both are insufficient but for different reasons. The October 2011 notice of appeal was filed before the entry of a final order and was thus premature. The September 2012 notice was not filed within thirty days of the entry of the final order and was thus untimely.

¶4    Generally, an appeal taken from an order that is not final is improper and does not establish jurisdiction in an appellate court. *See Bradbury v. Valencia*, 2000 UT 50, ¶¶ 8–9, 5 P.3d 649. An order is final when it disposes of all of the issues between the parties and "ends the controversy between the parties." *Id.* ¶ 9. An order of summary judgment on a plaintiff's claim will not constitute a final order where a counterclaim remains pending. *See id.* ¶ 10. Here, the October 2011 notice of appeal was filed when Westminster's counterclaim was pending. Accordingly, there was no final order from which to appeal and the October 2011 notice did not invoke this court's jurisdiction. *See id.*

¶5    Appeals from final orders may be taken by filing a notice of appeal within thirty days after the entry of the judgment or order appealed. *See* Utah R. App. P. 4(a). Where an appeal is not timely filed, this court lacks jurisdiction over the appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. The final order in this case was entered on August 10, 2012. The notice filed on September 28, 2012, was beyond the thirty-day time period and, thus, was untimely. Accordingly, this court lacks jurisdiction over this appeal.

¶6     Ziegenbusch argues that the October 2011 notice of appeal is timely under the savings provision of rule 4(c) of the Utah Rules of Appellate Procedure. However, rule 4(c) does not apply in this circumstance. Rule 4(c) provides that a notice of appeal filed "after the announcement of a decision, judgment or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof." Utah R. App. P. 4(c). However, rule 4 applies to appeals taken as a matter of right, e.g., from final orders. *See id.* R. 4(a). Here, the October 2011 notice was not filed after the entry of a final order or after the announcement of a final decision, but was filed after the entry of an interlocutory order. The counterclaim was not before the trial court for decision until months later. Accordingly, the sequence here does not come within the scope of rule 4(c), i.e., a notice filed after the announcement of a final decision but before the entry of a formal order. Therefore, the October 2011 notice of appeal was simply ineffective and cannot be "renewed" after the entry of a final order.

¶7     Additionally, Ziegenbusch notes that Westminster failed to comply with rule 58A(d) of the Utah Rules of Civil Procedure because it failed to serve him with notice of the entry of judgment. Even if correct, however, the failure to serve notice does not affect the time for filing a notice of appeal. *See* Utah R. Civ. P. 58A(d).

¶8     In sum, the October 2011 notice of appeal was filed prematurely and the September 2012 notice of appeal was filed late. Neither notice was effective to invoke the jurisdiction of this court. Where we lack jurisdiction over an appeal, we must dismiss it. *See Bradbury*, 2000 UT 50, ¶ 8.

¶9     Dismissed.

_____